NEW-YORK,
May, 1830.

Duval
v.
Covenhoven

---

## DUVAL and wife *vs.* COVENHOVEN.

The proceeds of real estate placed by a father under the control of a son for the benefit and support of a daughter who is a *feme covert*, cannot be recovered in an action at law in the name of the husband and wife; the remedy is in equity.

The declarations of a third person referred to by a party are not evidence against such party, unless strictly within the subject matter in relation to which the reference is made.

Form of acknowledgment of a mortgage holden good.

THIS was an action of assumpsit, tried at the Montgomery circuit in November, 1828, before the Hon. ESEK COWEN, one of the circuit judges. The declaration contained the common money counts.

Albert Covenhoven, the father of Mrs. Duval and of the defendant, with a view of making provision for the support of his daughter and of her children, furnished the funds for the purchase of a lot of 50 acres of land in the town of Ly-

sander, the deed for which was made to William Duval, a son of Mrs. Duval, though the father had intended it should have been to his daughter. On the 2d February, 1820, William Duval gave a mortgage to Albert Covenhoven of the 50 acre lot, conditioned for the payment of the sum of $437 with interest on the 1st June then next. On the 14th January, 1822, Albert Covenhoven for the consideration expressed of $437, assigned the mortgage to the defendant, to whom, on the 22d July, 1822, William Duval conveyed the lot. The defendant, after the conveyance, let the lot to a tenant for three years, and received rent at the rate of $30 per annum.

Previous to the original purchase of the 50 acre lot, Albert Covenhoven had expressed his intention to give his daughter $500 ; and after the defendant obtained the title to the property, he declared in the presence of Mrs. Duval and of the defendant, that he had put the property at Lysander into the hands of the defendant to be dealt out to Mrs. Duval as she should want it. At this time Mrs. Duval required a writing from the defendant to this effect, but he made no answer to such requisition. At another time and shortly before his death, Albert Covenhoven said that he had put the property into the hands of the defendant for the support of Mrs. Duval, and that he would leave a writing which would enable her to get the property by applying to the poor-masters ; and that it would be paid as she needed it. The defendant was not present at the time of this last declaration ; the evidence on that ground was objected to, but admitted by the judge.

The plaintiffs proved admissions of the defendant, that he had received about $500 for the property at Lysander, and his declarations that the rent of the place and the proceeds of personal property sold by him at Lysander, together with the labor of Mrs. Duval, would be sufficient to support her and her young children. In 1825 in a conversation between Mrs. Duval and the defendant, the former observed that her father had told her that the interest of the place at Lysander was to be paid to her as she wanted it; the defendant said that he had writings to shew that his father had

given that property to him, but added that if his father said
so, he would go on and pay it to her as fast as he could ; and
two or three months after this conversation Albert Covenho-
ven said that he had put the Lysander place into the defend-
ant's hands to keep for Mrs. Duval, and to let her have it as
she wanted it. This declaration was also made when the
defendant was not present. This evidence also was objected
to, but admitted by the judge. It was also proved that Al-
bert Covenhoven had said that the first payment made to-
wards the land in Lysander was with money given by him to
his daughter, Mrs. Duval. After the purchase of the lot in
Lysander the plaintiffs did not live together, and the father of
Mrs. Duval was unwilling that any advances should be made
for the payment of the debts of the husband.

The plaintiffs rested, and the defendant moved for a non-
suit, contending that the remedy of the plaintiffs, if any, was
in equity. The judge denied the motion, ruling that the evi-
dence proved a resulting trust in favor of Mrs. Duval, and
that the plaintiffs were entitled to recover for the rent receiv-
ed by the defendant. The defendant proved the assignment
of the mortgage, and offered the mortgage itself in evidence,
which was rejected by the judge, for the insufficiency of the
certificate of acknowledgment ; to which decision the de-
fendant excepted. The certificate of acknowledgment was
in these words : " State of New York, county of Onondaga,
Lysander, February 4, 1820. Personally came before me, A.
B., William Duval, to me known, and acknowledged that he
executed the within mortgage, for the uses and purposes
within mentioned, finding no erasures, &c. I allow it to be
recorded. (Signed,) A. B. comm'r." The judge charg-
ed the jury that the 50 acre lot in Lysander belonged to
Mrs. Duval, and that the plaintiffs were entitled to recover
$90 for the rent received by the defendant. The jury ac-
cordingly found a verdict for $90. A motion was made to
set aside the verdict.

*D. Cady*, for defendant.

*J. A. Spencer*, for plaintiff.

NEW-YORK,
May, 1830.

Duval
v.
Covenhoven.

*By the Court,* MARCY J.  The judge, in permitting evi-
dence to be given of the declarations of Albert Covenhoven
when the defendant was not present, went further than any
case that I have seen.  The rule on this subject is, that when
a person refers to another for an answer on a particular sub-
ject, the answer is in general evidence against him, since he
makes such third person his accredited agent for the purpose
of giving the answer. (Starkie's Ev. pt. 4, p. 42.)  But this
rule cannot apply to this case ; for the declaration of the de-
fendant that he would pay the *interest* to Mrs. Duval if his fa-
ther so directed, authorized only evidence of directions given
by his father upon such subject, and did not warrant proof of
declarations by the father that he had placed the property at
Lysander in the hands of the defendant for the support or
benefit of Mrs. Duval.

But this is not the only difficulty in this case.  It is said
that here is a resulting trust in favour of Mrs. Duval.  If her
father gave her the money to buy the land, the money, when
it was received by her, became *eo instanti* the property of
her husband John Duval ; and the land being purchased with
that money, and the deed taken in the name of William Du-
val, the *cestui que trust* was John Duval, whose money had
been paid.  The facts in the case shew, to my entire satis-
faction, that the money was never paid to Mrs. D. nor did the
right to it vest in her.  It was the money of her father.  He
bought the land with a view to aid her, but not with the in-
tention that the title should vest in her.  If such was the
case, the resulting trust was in favor of the father, whose
money was paid for the land.  If it was intended for her use,
or to be held in trust for her, the statute of frauds requires
that there should be a writing declaring the trust or use. (1
R. L. 79.)  The land, it seems, was sold by the direction of
A. Covenhoven, and the avails were to be dealt out to
Mrs. Duval, according to her necessities, by the defendant,
who was constituted the trustee of this fund by her father, A.
Covenhoven.  It was clearly his intention that his daughter
should have the benefit of it, but that her husband should not
have any control over it.  All appealed to A. Covenhoven
as having the disposition of this money, and the whole body

of the testimony shews that he intended it should be reserved for the support of his daughter, to be dispensed in the way he should regulate. All he said and did was designed to keep it from the hands of her husband. A recovery in a court of law would necessarily defeat this obvious intention; the husband would have the absolute disposal of whatever was recovered. I think there is a trust fund in the defendant's hands designed for the benefit and support of Mrs. D.; but that the object of placing it there cannot be fully answered without subjecting it to the control of a court of equity. John Duval has no interest whatever in the fund, and cannot, in a court of law, recover it or any part of it.

It is contended that the mortgage of William Duval to Albert Covenhoven was improperly excluded. The ground of that exclusion does not appear in the case, any further than is to be gathered from the copy of it and the acknowledgment; and all that is said about it by the counsel here is on the part of the plaintiff, that it was not sufficiently proved, and on the part of the defendant, that it was rejected for the *bad spelling*. I think it was sufficiently proved, and by it and the assignment to the defendant it appeared that A. Covenhoven had parted with his title in 1822; it was improper, therefore, to shew, by his declarations made subsequent to that date, that the defendant held the land in trust. His declarations should not have heen received to contradict his deed.

It appears to me that the rights and claims of Mrs. D. can be properly settled only in a court of equity.

New trial granted.