JACKSON, ex dem. Ballou and another, *vs.* CAMPBELL.

A treasurer of a corporate body whose duty it is to receive and pay debts, has no right, on receiving the amount of a debt due to the corporation, to *assign* the security, without direction from the managers of the fiscal concerns of the corporation.

An assignment of a mortgage executed by a treasurer of a corporation, though under the seal of the corporation, of which he is the keeper, without the direction or knowledge of the managers, and no subsequent ratification shewn, is void.

*It seems,* that in the absence of all proof on the subject, an assignment thus formally executed would be *presumed* to have been regularly made.

An offer to pay a mortgage, not accepted, is no *estoppel* to a subsequent denial of the amount due, or of the right of the holder to enforce payment thereof.

An instrument though *void* for usury, may be used as evidence of collateral facts; for instance, a usurious mortgage may be read in evidence to shew an agreement contained in it that the mortgagee may pay up an antecedent mortgage.

Where a previous mortgage is paid, and an assignment obtained with the concurrence of the mortgagor, the assignee is entitled to *interest* upon the sum paid, as well upon the interest as the principal.

THIS was an action of ejectment, tried at the Madison circuit in March, 1829, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff claimed to recover the premises in question as the *assignee* of a mortgage executed by one Woolcher to the people of the state, bearing date in 1797, conveying a lot of land, of which the premises in question are a part, given to secure the payment of $525 with interest at the rate of *six* per cent. per annum, to be paid annually and the principal *when demanded.* On the 25th July, 1812, the comptroller of the state, in pursuance of an act of the legislature for the endowment of *Hamilton College,* assigned the mortgage to the trustees of the college, and on the 2d March, 1827, the mortgage was assigned by the treasurer of the college to Ballou, one of the lessors of the plaintiff, in consideration of $368,17 paid by Ballou. The assignment to Ballou *purported* to be *from* the trustees of the college; the name of the treasurer of the college was subscribed to it, and the seal of the corporation was affixed; but it was executed without

ALBANY,
October, 1830.

Jackson
v.
Campbell.

the direction, authority or knowledge of the trustees, though the money received of Ballou was paid over to the trustees, but they were not informed of the assignment which had been made, nor was any thing ever said to them on the subject. The treasurer testified, that as treasurer of the college, a part of his business was to collect and pay out money, that he had the custody of the seal of the corporation, and no one but himself had authority to affix the seal to any instrument, that he usually affixed it to diplomas, and had affixed it by direction of the trustees to several contracts made by them. He further testified that the balance due on the mortgage on the 2d March, 1827, was $368,17, which sum included interest at the rate of *seven* per cent. per annum after 1st July, 1822. The plaintiff rested, and the defendant moved for a nonsuit, contending that the assignment to Ballou by the treasurer being without authority passed no interest, and that the payment by Ballou was an extinguishment of the mortgage; the motion was denied.

The defendant proved, that on 5th September, 1827, he tendered to Ballou $363 in specie in extinguishment of the mortgage; he offered to pay the principal with interest, at the rate of *six* per cent. per annum, desired Ballou to produce the mortgage, that the amount due might be estimated, offered $2 or $3 in addition to the $363 tendered, and had $400 in specie ready to satisfy whatever might be the balance. Ballou did not produce the mortgage, nor did he accept the money; he insisted that he was entitled to interest at the rate of *seven* per cent. per annum since 1822, *when the money became due*, and according to which he had paid the treasurer of the college.

It was proved on the part of the plaintiff, that the balance due on the mortgage on the 2d March, 1827, calculating interest at only *six* per cent. was $357,02; that charging interest on that sum at the rate of *six* per cent. up to the 5th September, 1827, made the amount due on that day $367,92, and that computing interest on the *principal* only up to that time, the amount was $364,24. The plaintiff also produced in evidence a mortgage of the premises in question, executed by the defendant to Ballou, to secure the payment

of $600, with interest, bearing date 12th April, 1824, in which was contained a stipulation that Ballou should have the right to pay the people of the state such monies as might be due on the mortgaged premises, should it be necessary for the purpose of holding his claim good; and that he should hold the mortgage of 1824 as security for the money so paid, in addition to the $600 secured thereby. The plaintiff's counsel stated that this mortgage was produced not for the purpose of making title under it, but to shew the assent of the defendant to Ballou's paying off or taking an assignment of the mortgage executed by Woolcher. The defendant offered to prove that the mortgage of 1824 was given on an *usurious* consideration; which evidence was objected to and rejected. A verdict was rendered for the plaintiff, subject to the opinion of this court.

*N. P. Randall,* for plaintiff. Ballou was the assignee of the mortgage of Woolcher, and was entitled to recover. Having paid the holder of the mortgage the amount due, as well interest as principal, he was entitled to demand *interest* on the whole sum paid by him. *Comyn's Dig. tit. Chancery,* 3 *S.* 3 & 4, *A.* 6, 8. 5 *Bacon's Abr. tit. Mortgage* 6. *Powell on Mort.* 905, 6. The *tender* being of a sum less than what was due, is unavailable; the circumstance of the party offering a few dollars more, and having a large sum ready to pay, is of no avail, as he offered to pay only *six* per cent. when liable to pay *seven* per cent. interest. Again, the tender could legally be made only to the *treasurer of the state,* according to the terms of the mortgage; a tender to an *executor* when payment is reserved to an obligee or his *heirs,* is not good. *Bacon's Abr. tit. Tender, D. Co. Litt.* 209 *b.* 210, *a.* 212, *a.*

*J. A. Spencer,* for defendant. The assignment to Ballou was void; the treasurer of the college was not authorized by the trustees to transfer the mortgage; this is expressly shewn. An agent authorized to collect has no power to assign securities; he cannot receive the debt of his principal and yet transfer the title held as security for the payment of

such debt. The payment of the debt in this case extinguished the lien of the mortgage. The tender was sufficient, and destroyed the lien ; a tender to an agent is a tender to the principal ; the trustees of the college stood in the place of the treasurer of the state, and for this purpose represented him.

*Randall*, in reply. The treasurer of the college had authority to receive the money ; he might have given a release, and why not assign ? the corporation incurred no obligation by the act. An assignment to Ballou was more beneficial than a release or discharge ; being a subsequent incumbrancer, he was entitled to an assignment. The trustees of the college received the benefit of the transaction, and not having dissented, they are bound by the act of their agent. 1 *Kyd on Corp.* 368, 214.

*By the Court,* SUTHERLAND, J. The defendant objects to a recovery, principally on two grounds : 1. That the treasurer of Hamilton college had no authority to assign the mortgage, and that Ballou consequently acquired no interest in the mortgage, or title to the mortgaged premises, by virtue of such assignment ; and 2. That admitting the assignment to have been valid, the *lien* of the mortgage was destroyed by the *tender* made of the principal and interest due upon the mortgage, which Ballou refused to receive.

In the absence of all proof upon the subject, we should probably have been authorized in presuming that the assignment had been regularly made, and that it had been signed by the treasurer and the seal of the corporation affixed thereto, by the express authority of the trustees. But the treasurer states affirmatively and distinctly that he had no express direction or authority from the trustees to make the assignment ; that he never consulted them upon the subject, and that it was made without their knowledge ; and it is to be inferred from his testimony that they were ignorant of the fact even at the time of the trial. The money received upon the assignment was regularly credited in the accounts of the treasurer, but without stating that it had been raised by an assignment of the mortgage, instead of a payment by the

ALBANY,
October, 1830.

Jackson
v.
Campbell.

mortgagor in the ordinary course. There is nothing, therefore, from which the subsequent assent of the corporation to the assignment can be inferred.

The authority to collect and pay the debts of the corporation does not involve the power to sell and assign its securities, much less to bind it by the solemn obligation of its seal. The fact that the treasurer had the custody of the seal, lays no foundation for a presumption or inference that he had a right to use it so as to bind the corporation, without the express direction of the trustees. He was a mere depositary. The treasurer states that he had affixed it to several contracts made by the trustees, *by their directions.* He does not pretend that he had ever used it, except in this instance, without such direction. There is no *user,* therefore, from which the power can be implied, if such a power is capable of being established by implication. But in this instance not only the seal was affixed without the knowleege of the trustees, but it was affixed to a contract, not made by them, but by the treasurer, and of which they never heard.

It appears to the court, that to give to this assignment the effect of a conveyance of the legal estate of the corporation in the premises covered by the mortgage would be establishing a principle, the operation of which would be found most inconvenient and alarming. It would be equally applicable to all public and private agents, from the comptroller of the state down to every attorney to whom a demand may be entrusted for collection. Would an assignment by the comptroller of the mortgages given to the state, without an express legislative provision upon the subject, pass the interest of the state in the mortgaged premises, and enable the assignees to recover them in an action of ejectment? or could an attorney at law, with whom a note was entrusted merely for the purpose of collection, transfer it by assignment to whomsoever he pleased? A plaintiff in ejectment must shew a strict legal title; he cannot claim the benefit of presumptions in his favor, nor supply the defect in his legal title by any equitable considerations resulting from the circumstance of having paid a valuable consideration for an assignment or conveyance which from any cause whatev-

er proves to be invalid. His equities, if any he has, are to be enforced in a different action at least, if not in a different form. A defendant in ejectment, when not bound by some matter of estoppel, may always avail himself of any imperfection in the legal title of the plaintiff.

The tender made by the defendant on the 5th September, 1827, of the amount which he admitted to be due on the mortgage, is not such an admission of the lessor's right as to preclude the defendant from subsequently denying it. He may have been, and probably was ignorant of the manner in which the assignment had been made. A strict legal tender and a payment of the money into court, in an action of debt or assumpsit, is an admission of the plaintiff's right to recover the amount tendered ; but a mere offer to pay has no such conclusive effect ; it is mere matter of evidence, and is not applicable in principle to a case like this. It is, at most, but an admission that so much is due on the security ; but if not accepted, the defendant is at liberty at any subsequent time to contest the plaintiff's right to the security and the amount also.

This objection being fatal to the plaintiff's right to recover, it is unnecessary to discuss at large the other points in the case. I shall therefore only observe, that the mortgage of the 12th April, 1824, given by the defendant to Ballou, was properly admitted in evidence for the purpose for which it was offered. It was offered to shew that Ballou had paid up the mortgage to the college, and taken an assignment of it with the assent of the defendant. Admitting it to have been usurious, and therefore absolutely void as a security, it was still competent evidence between the parties of any collateral fact which it legitimately tended to establish. It shews satisfactorily that it was understood between the parties that Ballou was to pay off this mortgage, if not to take an assignment of it. He would therefore, in an appropriate action, be entitled to recover the principal and interest, at six per cent., up to the time when he paid the mortgage to the college, with interest upon that sum at the same rate until paid by the defendant.

ALBANY,
October, 1830.

Jackson
v.
Campbell.

Where a mortgage is assigned with the concurrence of the mortgagor, the assignee shall be entitled to interest upon the interest paid by him, as well as upon the principal of the mortgage ; *Powell on Mortg.* 965, 6 ; 2 *Keb.* 376 ; 2 *Comyn's Dig.* 529, 530, *tit. Chancery*, 3, *s.* 3 ; *Smith* v. *Pemberton*, 1 *Cas. in Chancery*, 67, 258 ; 1 *Vernon*, 169 ; but if made without the privity of the mortgagor, the interest paid does not become principal so as to carry interest. *Comyn's Dig. Chan.* 3, *s.* 3, 530. This latter position, however, is said, in an anonymous case in *Banbury's R.* 41, to have this qualification : that if the mortgagee had applied to the mortgagor before the assignment and demanded his money and required him to join in the assignment, if the mortgagor refuses either to pay or join, the assignee shall recover interest both on the principal and interest. I apprehend, however, this would not be the rule at law, whatever it might be if the mortgagor should come into a court of equity to redeem. Mr. *Banbury's* cases are not of very high authority. Lord Mansfield observed, in *Tinkler* v. *Pool*, 5 *Burr.* 2658, that they were very loose notes, and were never intended for publication. In an ordinary case of assignment, the assignee has a lien under the mortgage for whatever sum he would be entitled to recover against the mortgagor.

Had the assignment been valid, the tender was not sufficient. If the assignment had been made with the assent of the *corporation*, the mortgage would have been a lien for the interest upon the interest due when the assignment was made, as well as for the principal. The defendant expressed a readiness to pay only the principal and interest upon it at six per cent., and the amount actually tendered was not equal to the principal and interest compounded after the assignment. It is well settled that a tender of the amount due upon a mortgage, though not accepted, discharges the *lien*, although the debt remains and may be recovered in an action. *Bac. Abr.* 457, *tit. Tender, F.   Co. Litt.* 207 *a. sect.* 335, and 209 *b. sect.* 338.   20 *Viner, tit. Tender, N. sect.* 4.   *Jackson* v. *Crafts*, 18 *Johns. R.* 110.

Judgment for defendant.