Thompson *v.* Otis.

[MONROE GENERAL TERM, June 6, 1864. *J. C. Smith, Welles* and *E. Darwin Smith,* Justices.]

———————

THOMPSON *vs.* OTIS and others.

If the owner of a mortgage assigns the same, and subsequently acquires the title to the mortgaged premises, he takes them subject to the charge created by the mortgage. In other words, he occupies the place of the mortgagor, and the account between him and the assignee should be stated as between mortgagor and mortgagee.

Over payments, made by him under a mutual mistake, or from erroneous computations, though in a certain sense voluntary, are not so in the sense which precludes their being recovered back.

APPEAL from a judgment of the Genesee county court, modifying the judgment of a justice.

*W. H. Rich*, for the plaintiff.

*Wakeman & Bryan*, for the defendants.

*By the Court*, MARVIN, J. The plaintiff was the owner of a mortgage executed by one Isaac Warren, dated September 1, 1853. The sum secured to be paid was $7400, in eight annual installments of $925 each, with interest on the whole sum remaining unpaid at the time of the payments respectively. The first payment was to be made June 1, 1854. December 27, 1856, the plaintiff, in consideration of $1380.46 paid to him by the defendants, assigned to them the payment of $925 and the interest due on the 1st day of June, 1856, the principal and interest due June 1, 1856, being $1380.46. Subsequently the plaintiff became the owner of the mortgaged premises, and legally bound to pay the defendants the amount due them by virtue of the assignment, and he paid them divers sums at different times, commencing February 15, 1858, with a payment of $300. There were thirteen of these payments, the last being $13.75, April 10, 1861. The action was brought to recover the excess of payments over the amount of the installment of principal and interest assigned. In the justice's court the plaintiff recovered $81.82. The defendant appealed, and the action was tried by the county court without a jury, upon facts admitted, and the plaintiff had judgment for $26.74, and he then appealed to this court. The question of voluntary payment is not made in the case. The question is presented, has there been an over payment, and if so, how much?

It will be noticed that the assignment of the installment due June 1, 1856, and the interest that had then accrued, was made December 27, 1856, for the consideration of

Thompson *v.* Otis.

$1380.46, and this sum is the precise amount that was due to the plaintiff June 1, 1856. The county court came to the conclusion that the plaintiff, by assigning the installment of $925 due June 1, 1856, transferred to the defendants such installment, and all the interest that had accrued upon it after it was due. That the plaintiff also, by the assignment, liquidated the interest that had become due on the 1st of June, and converted such interest into principal, and that he was chargeable with interest thereon perhaps from the 1st day of June, but at all events from December 27, 1856, when the assignment was made. And the court adopted the principle of computation of interest from December 27, 1856, upon the interest, $455.46, in arrear and due June 1, 1856. If the plaintiff was liable to pay interest upon interest he can not complain that the court commenced the computation in December, instead of June. The case contains a computation, made by the court, upon the principle applicable to mortgagor and mortgagee, according to which the over payment, at the time of trial, including interest thereon, was $88.39. The justice had proceeded upon the same principle.

The county court referred to a principle sometimes applied between a mortgagor and an assignee, when the mortgage is assigned with the concurrence of the mortgagor. In such a case the rule is stated in *Powell on Mortgages* 965 to be, that all money really paid by the assignee, that was due on the mortgage, shall be considered principal, and the assignee shall have interest upon the interest then due and paid by him, as well as upon the principal originally lent. (*See also Jackson* v. *Campbell,* 5 *Wend.* 578, *and cases cited.*) I am not satisfied with the application of this principle to the plaintiff, in this case. I can see that the principle, properly applied, is sound. A mortgagor having neglected to make payment of principal or interest when due, consents to, or concurs in, an assignment of the mortgage to one who does pay the amount due—in effect requests that the payment be made on his account, and consents that the assignee

Thompson v. Otis.

shall hold the mortgage against him for his indemnity. All money paid by a surety is reckoned as principal money from the time of payment, and interest is allowed upon it, though the payment may have been of interest only. (*Powell on Mort.* 965.)

In the present case, the mortgagor was not consulted as to the assignment, and it is conceded that he could not have been compelled to pay interest upon interest.

It seems to me that the plaintiff, after he acquired title to the mortgaged premises, occupied precisely the condition of the mortgagor. The land was charged with the mortgage debt, principal and interest. The case says that he became legally obligated to pay the defendants the amount due to them by virtue of the written assignment. I do not understand that there was any special agreement touching the payment of interest upon interest past due. Besides, this is not a case where the assignees have paid the full value of the instrument assigned to them. Upon such instrument $925 interest had been accruing from June 1—nearly seven months—up to the time of the assignment, amounting to some $37; and had they collected the interest, $455.46, then past due, promptly, they would have made that $37 in addition to interest for their money. The parties agreed upon the terms of the sale of the instrument and the past due interest, and in my opinion when the plaintiff, the assignor of the mortgage, acquired title to the mortgaged premises, he took them subject to the charge created by the mortgage. In other words, he occupied the place of the mortgagor, and the account should be stated as between mortgagor and mortgagee.

The court found, as a fact, that the plaintiff, in making payments, supposed that they were due to the defendants by virtue of the mortgage and assignment. What computations the parties made, or whether they made any, does not appear in the case. The payments were undoubtedly, in a certain sense, voluntary, but not in the sense which precludes

a recovery back, of the over payments. The over payments were made under a mutual mistake, and perhaps from erroneous computations. I am entirely satisfied with the opinion and decision of the county court upon the question whether the money can be recovered back in this action.

But, for the reasons above stated, the judgment of the county court must be reversed, and there must be a new trial; costs to abide the event.

[ERIE GENERAL TERM, September 5, 1864. *Davis, Grover, Daniels* and *Marvin,* Justices.]