THE TRUSTEES OF THE CANANDARQUA ACADEMY, APPELLANTS, *v.* JAMES McKECHNIE AND ALEXANDER McKECHNIE, RESPONDENTS, IMPLEADED WITH THE ONTARIO FEMALE SEMINARY.

*Bringing action in corporate name — what a sufficient averment of its existence — when a trustee of a corporation may be a subscribing witness — Corporate seal proves itself — Commissioner of deeds need not take proof as to — Acknowledgment need not follow the statute literally.*

The bringing of an action in a name, purporting to be that of a corporation, is a sufficient averment of the plaintiff's corporate existence.

The trustee of an incorporated female seminary was in 1828 a competent witness to a mortgage, executed by its president, when it is not shown that he was a stockholder thereof or had any pecuniary interest therein.

The seal of a corporation affixed to an instrument proves itself, and is presumptive evidence that it was affixed by due authority.

The officer, before whom a corporate deed is acknowledged, is not required to take evidence that the corporate seal was affixed by due authority, or as to the title of the officer who executed it.

A certificate of proof or acknowledgment in due form proves itself, and no proof of its genuineness is required.

A certificate of proof or acknowledgment need not be in the precise language of the statute, it is enough if it show a substantial compliance therewith.

A mortgage under seal is a deed, so that a commissioner authorized to take acknowledgment of deeds may take proof of its execution.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

*T. M. Howell*, for the appellant. The acknowledgment is sufficient in form and substance. (*Jackson, ex'r, etc.,* v. *Gumaer*, 2 Cow., 552; *Troup* v. *Haight*, Hopkins' Ch., 239; *Duval* v. *Covenhoven*, 4 Wend., 561; *Thurman* v. *Cameron*, 24 id., 87; *Meriam* v. *Harsen*, 4 Edw. Ch., 70; *Merium* v. *Harsen*, 2 Barb. Ch., 232, affirming 4 Edw., 70; *The West Point Iron Co.* v. *Remert*, 45 N. Y., 703; *Chauvin* v. *Wagner et al.*, 18 Mo., 531; *McIntyre* v. *Ward*, 5 Binney [Pa.], 296; *Mantz* v. *Bailey*, 3 Dana [Ky.], 111; *Barton* v. *Morris*, 16 Ohio, 408; *Hughes & Cummings* v. *Lane*, 11 Ill., 123; *Sharp* v. *Hamilton*, 7 Halsted [N. J.] 110; *Vance* v. *Schuyler*, 1 Gilman [Ill.], 160.) Mark H. Sibley, although a trustee of the Ontario Female Seminary, was a competent witness to prove the execution of the mortgage. (1 Greenl. on Ev., § 333, note 4, cases cited.) The seal of a corporation, affixed to an instrument, is, of itself, *prima facie* evidence that it was so affixed by authority of the corporation; it lies with the party objecting to the due execution of the instrument, to show that the corporate seal was affixed to it surreptitiously or improperly. (*Lovett* v. *The Steam Saw Mill Association*, 6 Paige Ch., 54; *Flint* v. *Clinton County*, 12 N. H., 430; *Chouquette* v. *Barada*, 28 Mo., 491; *Bank of the United States* v. *Dandridge*, 12 Wheat., 70) The magistrate, in taking acknowledgments, acts judicially. A duty is imposed on him by the law of ascertaining the truth of the matters about which he is to certify, and it is a legal presumption that he did his duty, and examined the witness as to all material facts in regard to the

execution of the deed. (*The Calumet and Chicago Canal and Dock Company* v. *Cornelia Russell*, 68 Illinois, 426 ; 4 Edward's Chan., 75, *supra ; Jackson* v. *Gilchrist*, 15 Johns., 111.)

*H. M. Field*, for the respondents. The subscribing witness was a trustee and stockholder of the corporation, and, as such, was an interested witness, and was not a competent witness to prove the execution of any mortgage or conveyance to be given by such corporation. (*Pack* v. *Mayor, etc.*, 3 Comst., 489; chap. 149, Laws of 1825; Greenl. on Evi., § 333; *Muller* v. *Keep*, 1 Paige, 601; *State* v. *Catskill Bank*, 18 Wend., 465; 2 R. S. [6th ed.], 1146, § 35; 1 id., 369, § 5.) See section 936 of Code of Civil Procedure, showing that the law remains the same now as it was in 1824 and earlier. The affidavit or statement at the end of the instrument was wholly insufficient and did not conform to the statutes as they then existed, and the court ruled properly that it was not sufficient to allow same to be read in evidence on the trial. (Laws of 1797, chap. 18; Laws of 1798, chap. 78; R. L., 1813, pp. 369–372; Laws of 1819, p. 269; Laws of 1822, pp. 261–284; Laws of 1823, p. 412; 1 R. S. [Edm. ed.], 714, chap. 3, § 37.) The officer must know, and of course must certify, that he knows the party not only to be the individual *described in*, but the same person who *executed the conveyance.* One without the other will not comply with the statute. (R. S., 369, §§ 1, 2; 1 id., 758, § 9; *Jackson* v. *Cooly*, 8 Johns., 128 [this was decided in 1811]; *Gibbs* v. *Osborne*, 2 Wend., 555 [this was in 1826]; *Rawson* v. *Shepard*, 2 Johns., 76 [the deed here was executed in 1793]; *Watson, Executor*, v. *Campbell*, 28 Barb., 421; *Gillett* v. *Stanley*, 1 Hill, 121; *Fryer* v. *Rockefeller*, 63 N. Y., 268; *Miller* v. *Link*, 2 N. Y. Sup. Ct. [T. & C.], 86.) There is no evidence that the corporation authorized John Greig, or anyone else, to affix its seal to the paper. If not duly authorized by the certificate, it does not bind it, and is of no avail. (*Mann, Receiver*, v. *Pentz*, 2 Sand. Chan., 272, opinion; *Nat. Bank* v. *Norton*, 1 Hill, 572; *Hoyt* v. *Thompson*, 1 Seld., 320; Field on Corporations, §§ 226, 247; *Johnson* v. *Bush*, 3 Barb. Chan., 207.)

TALCOTT, P. J.: .

This is an appeal from a judgment, rendered by the Special Term of Ontaria county, in an equity action, tried by the court.

The action is for the foreclosure of a mortgage, bearing date on the 4th day of December, 1827, purporting to have been proved by a subscribing witness, on the 24th day of April, 1828.

The mortgage, and the certificate of the proof thereof were, by the clerk of the county of Ontario, recorded in the record of mortgages, in his office, on the 24th of April, 1828, and purported to have been executed by and beetween the "Ontario Female Seminary" of the first part, and the "Trustees of the Canandarqua Academy," the plaintiffs, of the second part. At the conclusion of the mortgage is the following recital : " In witness whereof the parties of the first part have caused these presents to be signed by their president and sealed with their corporate seal the day and year first above written," and the instrument purported to be sealed with the seal of the Canandarqua academy. The signature of Mr. John Greig was affixed to the instrument, and, after the signature of "John Greig, Prest," was affixed the name of Mark H. Sibley, following the usual attestation clause.

The respondents, McKechnie, were the claimants of the title to the premises covered by the mortgage, under the foreclosure of a subsequent mortgage, made by the Ontario Female Seminary to one Richards and by Richards assigned to the respondents.

The respondents' counsel object that the existence of the plaintiff, as a corporation, was not proven. It is well settled that the bringing of an action, in a name purporting to be a corporate name, is a sufficient averment of the existence of the plaintiff as a corporation.

But, to say the least, it is doubtful whether the averments in the answer are sufficient to raise the issue of *nul tiel corporation.* As the denial is of the existence of a corporation by the name of the " Trustees of the *Canandaigua* Academy," although the answer itself, as well as all the other proceedings in the case, are correctly entitled with the true name by which the plaintiffs sue. However this may be, the court distinctly and expressly found that " the plaintiff is a corporation, duly incorporated and existing under the laws of the State of New York." And there is no

exception to, or appeal from such finding, and of course no question as to its correctness can be entertained here.

The counsel for the respondents made various objections to the reading of the mortgage in evidence, on the ground of an alleged deficiency in the certificate of proof of the same.

The certificate of proof was in the words and figures following, viz. :

" ONTARIO COUNTY *ss.* :

" On the 24th day of April, 1828, before me, a commissioner of said county, authorized to take the acknowledgement of deeds, etc., comes Mark H. Sibley, to me known to be the subscribing witness to the foregoing deed, and who being by me duly sworn deposes, that he knows John Greig, the person described in and who has executed the said deed, and that he saw the said John Greig execute the same, and that the seal thereunto affixed is the seal of the Ontario Female Seminary.

" J. CHIPMAN."

The mortgage is indorsed as follows :

" ONTARIO COUNTY *ss.* :

" Received for record, 24th of April, 1828, at 2 o'clock, P. M., and recorded in liber 15 of Mortgages at folio 201, and examined.                    RALPH LESTER, *Clerk.*"

The form of proof and certificate thereof is governed by the Revised Laws of 1813. (1 Rev. Laws of 1813 [Van Ness & Woodworth's ed.], 369.)

The provisions of the Revised Statutes concerning the proof and acknowledgement of deeds did not take effect as laws until the 1st of January, 1830. (See act concerning the Revised Statutes, passed December 10, 1828 ; *Hunt* v. *Johnson,* 19 N. Y., 279.)

It is found as a fact that Mark H. Sibley was one of the trustees of " The Ontario Female Seminary," and resided in the village of Canandaigua. One of the objections specified to the competency of Mark H. Sibley was founded on the fact that he was such trustee. But it was not shown that Mr. Sibley was a stockholder, or had any manner of pecuniary interest in the seminary. We think he was a competent witness to prove the execu-

tion of the deed. (1 Greenl. on Evi., § 333.) It was furthermore objected that the subscribing witness failed to testify that John Greig was president of "The Ontario Female Seminary," or that the seal of the said corporation was affixed by authority.

The seal of a corporation, affixed to an instrument, proves itself, and is of itself sufficient *prima facie*, or presumptive evidence, that it was so affixed by due authority. It lies with the party objecting to the instrument so sealed to show that the seal of the corporation was improperly affixed, or without the assent of the proper authority. *Lovett* v. *Steam Saw Mill Ass'n*, 6 Paige, 54; *Jackson* v. *Campbell*, 5 Wend., 572.) The officer taking proof of the deed is not required to take evidence that the corporate seal was affixed by authority, or to examine into the title of the person who assumes to be the officer of the corporation. But, moreover, it appears that the subscribing witness did testify that he knew John Greig, the person described in and who executed the mortgage. There is no other description of John Greig in the mortgage, except the reference to him as president of the corporation, and the declaration of the witness was, in substance, that John Greig was the president of the corporation.

It was also objected that I. Chipman, who took the proof, was only authorized to take the acknowledgement of deeds; whereas, the instrument in question appears to be a mortgage. A mortgage, under seal, is a deed.

The genuineness of the certificate of proof required, itself, no proof. "I. Chipman," who took the proof, assumed to be a commissioner authorized to take the proof; he was probably a commissioner appointed by the council of appointment, under the act of March 24, 1818, and the certificate being in due form proved itself, and no proof was required that the certificate was genuine. (*Thurman* v. *Cameron*, 24 Wend., 87.)

The provision of the Revised Laws of 1813, before cited, is as follows, viz. :

See 1 Revised Laws, 369, section 1, which provides: "That no such acknowledgment shall be taken, unless the officer taking the same shall know, or have satisfactory evidence, that the person making such acknowledgment, is the person described in and who has executed such deed, conveyance or writing, and *that no such*

proof shall be taken unless the officer taking the same shall know the person making such proof, or have satisfactory evidence that he is a subscribing witness to such deed, conveyance or writing, and that such witness knows the person who executed the same, all of which shall be inserted in the said certificate of such acknowledgment or proof; and in case of the examination of witnesses, it shall also be the duty of such officer to set forth in such certificate what witnesses were examined before him, and the substance of the evidence by them given."

The various decisions in this State have established the rule that a certificate of proof or acknowledgment need not be in the precise language of the statute, but is to be liberally construed, and is enough if it shows a substantial compliance with the statute. (*Jackson ex dem.* v. *Gumaer*, 2 Cowen, 552; *Troup* v. *Haight*, Hopk. Chy., 239; *Duval* v. *Covenhoven*, 4 Wend., 561; *Meriam* v. *Harsen*, 4 Edw. Chy., 70; *S. C.*, on appeal, 2 Barb. Chy., 232; *West Point Iron Co.* v. *Reymert*, 45 N. Y., 703.)

We think the certificate of Mr. Chipman in all things substantially complied with the requirements of the Laws of 1813, and therefore that the court erred in the rejection of the mortgage in evidence, and, moreover, we think that the clerk of Ontario county was justified in placing the mortgage on record. The court below dismissed the complaint, on the ground that the mortgage was not sufficiently proved.

Judgment reversed and new trial ordered, costs to abide the event.

HARDIN, J., concurred; SMITH, J., not sitting.

Ordered accordingly.