| 75 | 323 |
| 90 | 211 |
| 75 | 323 |
| 91 | 348 |

GEORGE LEWIS

*vs.*

MARTHA E. SMALL, Administratrix on the estate of ELISHA. SMALL, deceased.

Sagadahoc.     Opinion June 27, 1883.

*Promissory notes.   Mortgage.   Interest.*

When a mortgage has been assigned and the assignee enters into possession,. he cannot claim that interest should be added to the mortgage debt, and: that sum constitute a new principal upon which interest is to be cast.

ON EXCEPTIONS.

Assumpsit.   The plea was general issue.   The verdict being for the defendant, the plaintiff alleged exceptions to certain, instructions as stated in the opinion.

*W. Gilbert,* for the plaintiff.

*C. W. Larrabee and F. Adams,* for the defendant.

APPLETON, C. J.   The defendant's intestate, as assignee of a mortgage, took possession of the mortgaged premises, receiving the rents and profits and retaining possession to the time of his. death.

This suit is brought to recover an alleged excess of rents and. profits received by defendant's intestate above the amount due on, the mortgage.

The mortgage debt bore interest from the beginning and payment was overdue, and no interest had been demanded or paid. except by rents and profits.   There was evidence tending to prove that the net rents and profits exceeded the amount of the mortgage debt, and evidence to prove they did not.

The presiding justice instructed the jury " that Mr. Small (defendant's intestate) would be entitled to six per cent interest

on the mortgage debt at that time up to the time he took possession. . . . Whatever you find that sum to be then, Mr. Small would be entitled to interest for that number of years and months added to the amount of the mortgage debt."

He further instructed the jury that they should " commence and compute the interest on the whole before Small took possession, using that as a principal from that time and compute the interest up to the time when the annual interest of the first year's occupation should be considered as a payment and so on through."

The instructions given were erroneous. The assignee of the mortgage was only entitled to the note and interest thereon to the time of its redemption. He had no right to cast interest to the time he took possession and make that a new principal upon which to cast interest. He had no right to compound interest.

It is true, it was held in *Jackson* v. *Campbell,* 5 Wend. 572, that when a previous mortgage is paid and an assignment is obtained with the concurrence of the mortgagor, the assignee is entitled to interest upon the sum paid, as well upon the interest as the principal. But this principle, if sound, does not apply to the case at bar. Here, there appears no concurrence of the mortgagor.

*Exceptions sustained.*

BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.