# N. Y. COMMON PLEAS.

JOSEPH H. WESTERVELT *et al.* agt. WILLIAM RADDE and DANIEL
M. KOEHLER, impleaded.

*Corporations — official powers of president.*

The president of a corporation cannot bind it for goods purchased by
him, and required in its business, where there is a resolution upon the
books of the corporation forbidding such officer from making such
purchases.

The official powers of a corporation defined.

*General Term, November,* 1877.

APPEAL from an order of the general term of the marine
court affirming a judgment entered against the defendants,
upon a decision made by Mr. justice McADAM at the trial
term of that court, wherein that justice (*upon the authority
of* 10 *Wallace,* [*U. S.*], *R., at p.* 644; 68 *North Carolina
·Reps.,* 107; 33 *Barb.,* 336; *Field on Corporations, sec.* 194,
*and cases cited*) made the following ruling: " I hold that the
president of this corporation could lawfully bind it in the
purchase of goods required in its business, notwithstanding
there was a resolution to the contrary on its books, unless the
plaintiff had notice of such resolution." The trial judge
also admitted oral and written declarations of Bock, the
president, relating to the subject-matter of the action.

The common pleas, on appeal, has reversed these rulings in
the following opinion:

*John A. Foster,* counsel for appellant.

*John P. Reed,* counsel for respondent, cited 10 *Wallace, United States Reports at page* 644; 68 *North Carolina Reports,* 107; 33 *Barbour* 336, and claimed that as to innocent third persons, the apparent authority of the company's chosen representative was the real authority.

ROBINSON, *J.* — Plaintiffs sued the appellants Radde and Koehler and two others as trustees of a corporation formed under the general manufacturing act of 1848, known as the "Paragon Match Company," for goods sold and delivered that company between May 29 and June 27, 1872, by reason of the alleged failure of the company to make and publish the report required by the twelfth section of that act. The company was organized in April, 1872, with seven trustees including the two defendants. The by-laws prescribed that no officer, trustee or employe should have power to incur any debt unless authorized by the board of trustees by resolution entered in its minutes. The company was intended to succeed to the business of "Boch, Schneider & Co.," match manufacturers, whose assets and good will were purchased and were to be paid for, part in stock and part in cash derivable from sales of stock. It was also resolved, by resolution passed May fourth, that the company should not commence actual operation before 4th of May, 1872, nor until an amount deemed sufficient for the successful commencement of operations should be in the hands of the treasurer. The company was organized in June, and Mr. Boch, one of the trustees, was elected president. At a meeting held by five of the directors in the early part of December, 1872, all of them, including these defendants, resigned. The default charged was for not making the report required by the act of January, 1873. The judge before whom the cause was tried upon the proof tending to show a sale and delivery of the goods for which the action was brought upon the order of said Boch, held against objection and exceptions, "That the president of such a corporation could lawfully bind it in the purchase

of goods required in its business, notwithstanding there was a resolution to the contrary on its books, unless the plaintiff had notice of such resolution." Boch, the president, had as a member of the firm of Boch, Schneider & Co., Boch, Zenier & Co., and until such assumed organization, purchased goods of plaintiffs, and he expressly swore plaintiffs refused to give credit to the company. The refusal of the judge, therefore, to submit to the jury the question of the sale and delivery of all the goods for which claim was made was erroneous; the judge also erred in holding "that the president of such a corporation could lawfully bind it in the purchase of goods required in its business notwithstanding a resolution to the contrary on its books, unless the plaintiffs had notice of such resolution."

As president he was but presiding officer of the board of trustees; the concerns of the company were to be managed by the trustees, who were to be, by the articles of incorporation, "not less than three, nor more than nine." The authority to contract a debt or transact any other business of the corporation, except such as they specifically authorized by resolution or by-laws, must grow out of some delegation of their authority, either by by-law or resolution, or through a well recognized general course of dealing, by which some person has been permitted and held out by the corporation as possessed of authority to transact its business (7 *Wend.*, 31 ; 1 *Hun*, 202 ; 3 *Bosw.*, 600). Under the views previously expressed, various other errors occurred in the admission of improper testimony, in admissions made by Boch, personally and in writing. The status of the defendants when the alleged default of the corporation occurred, as two out of seven trustees, fixed in numbers by the articles of incorporation, was admitted by their answers. No questions arising out of their previous resignation, as well all the others of the trustees, or as to their power as a minority of such, as was required by the articles of incorporation, to transact any business of the corporation, or as to their exemption from

responsibility by reason of any incapacity in the corporation to make the report because of the resignation of the majority of the trustees, or the effect of their subsequent abortive attempt to cause such report to be made, were properly presented on the trial, and if deemed material, must be made the subjects of consideration on a future occasion.

The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.

LARREMORE and J. F. Daly, JJ., concurred.