## RATHBURN v. SNOW.

(*Common Pleas of New York City and County, General Term.*  February 4, 1889.)

1. CORPORATIONS—CONTRACTS—AUTHORITY OF AGENTS—BY-LAWS—NOTICE.

A corporation is not liable for supplies furnished its superintendent without its authority, where it had previously adopted a by-law providing that "no debts shall be contracted by any officer or agent of the company, nor any obligation created imposing any liability upon it, unless expressly authorized by a majority of all the members of the board of trustees present at any meeting of said board," even though the seller of the supplies had no notice of such by-laws.  Following *Westerfield* v. *Radde*, 7 Daly. 326.

2. SAME—RATIFICATION—EVIDENCE.

Especially is this true when the supplies were furnished the superintendent to be used in improving land owned by himself and others, of which the corporation never became the owner, and where the trustees were in a distant country, and had no knowledge of the transaction, and no express ratification is shown, though the corporation had agreed to take the land in exchange for stock when the land was developed, and had furnished the superintendent funds to be used in developing it.

Appeal from trial term.

Action by W. Lyman Rathburn against Alfred D. Snow.  Complaint dismissed, and plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Eugene L. Bushe*, for appellant.  *Joseph M. Pray*, for respondent.

LARREMORE, C. J.   This action is brought to recover the value of goods sold and delivered to the Belen Agricultural & Mining Company, a corporation organized under the laws of New York, of which defendant was a trustee, on the ground that no annual report was filed as prescribed by statute, either in January, 1884, or January, 1885.  Said goods consisted of camp supplies, and were furnished on the Isthmus of Panama, (where it was intended that the practical operations of said corporation should be carried on,) to one Hector J Kingman, the superintendent of the company.  Said Kingman was appointed superintendent by resolution of the board of trustees, at a meeting held in New York on the 1st day of December, 1882, at which he was present.  Previous to this time, and on or about the 20th day of November, 1882, a by-law was duly adopted for said company, by its trustees, which provided that "no debts shall be contracted by any officer or agent of the company, nor any obligation created imposing any liability upon it, unless expressly authorized by a majority of all the members of the board of trustees present at any meeting of said board."  Upon these facts the learned judge dismissed the complaint, on the authority of *Westerfield* v. *Radde*, 7 Daly, 326.  It was therein held by the general term of this court that the president of a manufacturing corporation, organized like the present one, under the act of 1848, cannot lawfully bind it in the purchase of goods required in its business, when a resolution forbidding such act on his part exists and appears on the books of the corporation, even if the seller of such goods had no notice of such resolution.   We agree with the trial judge that this case is exactly in point, and that it was controlling on his decision.   Nor has the learned counsel for appellant referred us to any decision of the court of appeals which overrules *Westerfield* v. *Radde*.  The authority upon which most reliance is placed is *Lee* v. *Mining Co.*, 56 How. 373, affirmed without opinion, 75 N. Y. 601.  The purport of that case is that when an officer of a corporation acts within the usual scope of the authority of his position, and performs such acts as are customary or necessary for the carrying on of the corporation's business, it will be presumed that he had authority, and it is not necessary to show a special resolution of the trustees granting him the power in question.  It was not there decided, nor is there anything in the opinion from which might be inferred the intention to hold, that the authority of an officer or representative of a corporation to bind it shall be presumed, in the teeth of a res-

olution or by-law expressly withholding the same. Moreover, in *Lee* v. *Mining Co.*, the action was sustained partly on the ground of subsequent ratification of the president's acts.

Nor do we put our decision of this appeal solely on the ground of *stare decisis.* The case discloses no strong equity to induce us to modify the rule heretofore laid down by this court. The supplies in question were furnished to Kingman, to be used in his works upon land on the isthmus then owned by him with others. As matter of fact, the company never became the owner of such land. Kingman never made the improvements thereon which he had agreed to make. Therefore the company never took title, and the enterprise for which it had been organized was abandoned. It is true the corporation issued some of its stock for money, and thereby to an extent provided Kingman with funds to aid him in the development of land which did not belong to it. This action may in itself be open to criticism, but I am not aware of any principle upon which it can be made a basis for saddling the company with debts which Kingman had no right to contract in its name. The arrangement was that the company should take the land in exchange for stock only after it had been developed. Kingman had been engaged in improving the property, and was known in connection therewith before he became the superintendent of the company. The company guarded against any usurpation of authority by the only method within its power, to-wit, a by-law upon the subject. The testimony shows no express ratification of the superintendent's act, and no ratification could be implied, because the trustees were in a distant country, and had no knowledge of the contraction of the debt. Furthermore, it cannot be claimed that the company received the benefits of this contract, for, as aforesaid, it never acquired the land. The judgment appealed from should be affirmed, with costs. All concur.