### WAHLIG v. STANDARD PUMP MANUF'G .CO.

*(City Court of New York, General Term.* May 31, 1889.)

PLEADING—EVIDENCE—COMPETENCY.

Where, in a suit against a manufacturing company on a note alleged to have been indorsed by it, the company denies the indorsement, it can show that, though made by its treasurer, it was never authorized by its directors.

Appeal from special term.

Suit by Charles F. Wahlig against the Standard Pump Manufacturing Company, to recover on a note alleged to have been indorsed by them. Judgment for plaintiff, and defendant appeals.

Argued before McADAM, C. J., and NEHRBAS and HOLME, JJ.

*John A. Grow,* for appellant. *Kaufman & Sanders,* for appellee.

PER CURIAM. The defendant is not a trading or banking company, but a manufacturing corporation. It had no power to indorse, for the accommodation of another, paper in which it was not interested. *Bank* v. *Dressing Co.,* 26 Barb. 23; *Bank* v. *Bank,* 13 N. Y. 309. The fact that the indorsement did not concern the defendant's business, and was made by its treasurer to accommodate Pearl, the maker, sufficiently appears by the evidence. It might be presumed, in such a case, that the act of the treasurer was *ultra vires.* See Brice, Ultra Vires, 139. But the defendant, not content to rest on this presumption, undertook to prove that the corporation, by its directors, never authorized the indorsement; and the trial judge refused to receive the evidence. This was error. The denial interposed by the defendant, that it had indorsed the note, was sufficiently broad to admit the evidence of want of authority. It put in issue the question whether the indorsement was a corporate act of the defendant, for which it had made itself liable. True, the defendant, by not denying, admitted that the note came into the plaintiff's possession before maturity and for value, (*Fleischmann* v. *Stern,* 90 N. Y. 110,) but it did not admit that it had ever indorsed the note; on the contrary, expressly denied that allegation. It also affirmatively pleaded the fact that, if the name of the defendant appeared on the note as indorser, it was put there for accommodation, and without any consideration moving to the defendant, so that the defendant did not waive, but insisted, on these two defenses. Upon the entire record, and for the reasons stated, the judgment must be reversed, and a new trial ordered, with costs to abide the event.