## MATHER *v.* UNION LOAN & TRUST CO. *et al.*

*(City Court of New York, Special Term. September 21, 1889.)*

PLEADING—FRIVOLOUS ANSWER—MOTION FOR JUDGMENT.

In an action against a corporation as the acceptor of a draft defendant pleaded that it was not a moneyed corporation; that the acceptance was not made in the course of its business, or at its office, and was not sanctioned or authorized by its directors, but was written by defendant's vice-president, at his private office, a place having no connection with defendant or its business, solely on his own account, as an accommodation to the drawer. *Held* that, as the answer puts in issue the question whether the act of the vice-president was a corporate act, though it also admits that plaintiff is a *bona fide* holder of the draft for value, a motion for judgment on the answer as frivolous will be denied, as such motion admits the averment of the answer.

Action by Roderick B. Mather against the Union Loan & Trust Company, as acceptor, and others as drawers and indorsers, of a draft. The answer alleges that the defendant is not a moneyed corporation; that the acceptance was not made in the due and regular course of its business; that it was not made at the company's office or place of business; and that neither its directors nor stockholders ever sanctioned or approved of the same, nor did they in any manner authorize it. The answer further alleges that the acceptance was written by the vice-president, A. J. Whittier, at his then private office, 240 Broadway, in the city of New York, a place having no connection whatever with the corporation, or with its business; that the acceptance was given by Whittier on his own account, and as an accommodation solely to the drawer, and without any consideration whatever to the corporation. The motion is for judgment on this pleading as frivolous.

*James A. Patrick,* for plaintiff.   *Andrew J. Ensign,* for defendants.

McAdam, C. J.    While there is no doubt of the rule that a corporation has no right to bind itself by an accommodation indorsement or acceptance, (*Wahlig* v. *Manufacturing Co.*, 5 N. Y. Supp. 420; *McCullough* v. *Moss*, 5 Denio, 567; *Smead* v. *Railroad Co.*, 11 Ind. 104; and see *Bank* v. *Corset-Works*, 36 N. W Rep. 696; *McLellan* v. *File-Works*, 56 Mich. 582, 23 N. W. Rep. 321,) it is still true that a corporation is liable to a *bona fide* holder on its accommodation indorsement or acceptance, (*Association* v. *White-Lead Co.*, 35 N. Y. 505,) although made for a purpose or at a place not authorized by the charter of the corporation, (*Bank* v. *Bank*, 16 N. Y. 125.)    As the form of the answer admits as a fact that the plaintiff is a *bona fide* holder of the acceptance for value, (Code, § 522,) the plaintiff's rights are to be determined by the principle last stated regarding *bona fide* holders.    The difficulty with the plaintiff's present position is that by his motion for judgment he admits the allegations of the answer that the draft was accepted by Whittier, the vice-president of the defendant, on his individual account, and at his private office, for the accommodation of the drawer, no consideration whatever moving to the corporation, and without any authority from its directors or stockholders. This admission deprives the acceptance of corporate authority, and makes the act of Whittier an individual obligation of his own.    *McCullough* v. *Moss*, 5 Denio, 567.    An inquiry into the authority of an agent executing a negotiable instrument or other contract is always in order, and in case of an agent of a corporation this involves an inquiry whether the agent acted for a corporation purpose authorized by the company's charter, by-laws, or resolutions, or in violation or in excess of them.    The defendant not being a banking corporation, the acceptance was not within the apparent authority with which the agent was invested; and it is for the plaintiff to prove that it was authorized by the charter, by-laws, or some resolutions of the corporation, or, as in *Olcott* v. *Railroad Co.*, 27 N. Y. 546, by its recognition of similar acts of the same official, or by proof that the corporation ratified the act performed by accepting some benefit by its performance.    The substantial difference between the acts of an officer of a banking and business corporation in regard to commercial paper is only in the proof of authority required.    The acts of an officer of a bank, in respect to commercial paper, as a rule carry with them the presumption of authority implied from the very nature of the corporate business, and from the apparent authority with which the officer must be assumed to have been clothed with respect thereto in the proper carrying on of that business; but when it comes to a corporation whose business does not necessarily require the giving or indorsement of notes, or the acceptance of bills, the law exacts proof that the act has corporate sanction in some form.    *Insurance Co.* v. *Insurance Co.*, 7 Wend. 31; *Dabney* v. *Stevens*, 10 Abb. Pr. (N. S.) 39; *Bank* v. *Clements*, 3 Bosw. 600; *Jackson* v. *Campbell*, 5 Wend. 572; *Bank* v. *Norton*, 1 Hill, 572; *Soper* v. *Railroad Co.*, 19 Barb. 310; *Adriance* v. *Roome*, 52 Barb. 399; *Hoyt* v. *Thompson*, 5 N. Y. 320.    It must be borne in mind that the officer of a corporation has an individual, as well as an official, capacity, and that he acts as an individual except in cases coming within the scope of his official authority, in which his doings only become official acts that bind the corporation, because performed to carry out some purposes of its creation, with its sanction either expressly or impliedly given.    When the individual assumes to act in his official character the party dealing with him is apprised of his agency, and must ascertain its scope and extent, that he may prove the same in case the corporation for which the act is performed disputes the authority assumed to be exercised.    With a banking corporation the proof required is slight, and easily procurable, but with other corporations the extent of the proof must depend upon the peculiar circumstances of each case.    For the reasons stated the answer puts in issue the material question whether the act of Whittier was a corporate act of the defendant, performed within the scope of his authority, and this must be determined at the trial.    If he had

power to accept bills in the name of the corporation, the question whether it was an accommodation indorsement or not may become immaterial, in view of the fact that the plaintiff is a *bona fide* holder of the acceptance for value; but whether he possessed any power whatever to accept bills must, in the nature of things, depend upon matters which are the proper subject of proof at the trial. For these reasons the motion for judgment on the answer as frivolous must be denied, with $10 costs to abide the event.