### WAHLIG *v.* STANDARD PUMP MANUF'G CO.

*(City Court of New York, Trial Term.* April 2, 1890.)

CORPORATIONS—NEGOTIABLE NOTE—UNAUTHORIZED INDORSEMENT.

A negotiable note indorsed in the name of a manufacturing corporation by the treasurer, for the accommodation of the maker, cannot be enforced against the corporation where the note did not concern any business of the corporation, and there was no by-law or resolution authorizing the treasurer to indorse negotiable paper, or any proof of a recognized course of business by which the treasurer was held out as possessing such power, or any evidence that the corporation ratified the act, or derived any benefit from it, though the note is in the hand of a *bona fide* holder.

Action by Charles P. Wahlig against the Standard Pump Manufacturing Company on a promissory note. There was a trial by the court without a jury. For former report, see 5 N. Y. Supp. 420.

*Kaufman & Sanders,* for plaintiff.   *J. A. Grow,* for defendant.

MCADAM, C. J.   The note was made by Pearl, and indorsed: "STANDARD PUMP MFG. CO.   J. F. HERRON, Treasurer." The note did not concern any business of the corporation, and was indorsed by its treasurer for the accommodation of the maker. There was no by-law or resolution of the board of directors authorizing the treasurer to indorse negotiable paper; nor was there any proof of a recognized course of dealing by which the treasurer was held out as possessing such power, or any evidence of ratification on the part of the corporation. The corporation received no benefit from the note, and the proceeds never reached its treasury. Under these circumstances, the act of the treasurer was not a corporate act. *Wahlig* v. *Manufacturing Co.*, 5 N. Y. Supp. 420; *Mather* v. *Trust Co.*, 7 N. Y. Supp. 213; *Westerfield* v. *Radde*, 7 Daly, 326, 55 How. Pr. 369.   Herron, as treasurer, had no power to lend the credit of the corporation. If the indorsement was not a corporate act, the fact that the plaintiff was a *bona fide* holder cannot, even under *Mechanics'* etc., *Ass'n* v. *New York, etc., Lead Co.*, 35 N. Y. 505, make it a corporate charge.   In such a case the remedy would seem to be against the treasurer, who acted without corporate sanction, (Green's Brice, Ultra Vires, 634,) upon the theory that, where the act does not bind the principal, it binds the person who, without authority, assumed to act as agent.   It follows that there must be judgment for the defendant.