### BOHM v. V. LOEWER'S GAMBRINUS BREWERY CO.

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. CORPORATIONS—POWERS OF OFFICERS—BY-LAWS.
 Where a corporation adopts a by-law providing that all contracts by it involving a liability for $500 or more must be in writing, executed by both the president and treasurer, and attested by the seal of the company, it cannot be held liable on a lease to it reserving a rent exceeding $500, and executed by the president alone, without the seal of the company; and this whether the lessor had notice of the by-law or not. Following *Rathburn* v. *Snow,* 3 N. Y. Supp. 925.

2. SAME—RATIFICATION OF CONTRACT.
 In such a case, no ratification can be based on the treasurer's knowledge of the facts where his testimony that he refused to sign the lease is wholly uncontradicted.

Appeal from fourth district court.

Action for rent by Rudolph Bohm against V. Loewer's Gambrinus Brewery Company. There was a judgment for plaintiff, and defendant appeals therefrom.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*C. J. G. Hall,* for appellant.   *Jacob L. Hanes,* for respondent.

BISCHOFF, J.   Defendant is a corporation managed by three trustees,—Loewer, the president, Hall, the treasurer, and Tompkins; they being also the only stockholders. The business of the corporation was the manufacture and sale of beer, and the by-laws adopted at a joint meeting of the stockholders and trustees for the management of the company's business, among other things, provided that no liability on behalf of the corporation should be contracted, exceeding in amount $100, excepting with the consent of the treasurer, or at least two of the trustees, and that all contracts involving a liability of the corporation for $500 or more must be in writing, executed by both the president and treasurer, and attested by the seal of the company. On or about August 23, 1889, the plaintiff, by an instrument bearing date on that day, and under his hand and seal, undertook to let and rent the premises known as "No. 129 Orchard Street," in the city of New York, to the defendant, for the period of eight months commencing September 1, 1889, at the annual rental of $900, payable in installments of $75 each, in advance, on the 1st day of each and every month. This alleged lease was also executed by Valentine Loewer as president of the defendant, but not by the treasurer; and the seal of the defendant does not appear to have been affixed. No rent ever appears to have been paid, and an action was brought to recover the first monthly installment, due September 1, 1889. The trial resulted in a judgment in favor of the plaintiff and against the defendant for the sum of $75.55, the amount of rent and interest, with costs; and from that judgment defendant appeals to this court.

A careful examination of the evidence fails to reveal any legal merit in favor of the plaintiff. The execution of the lease having been denied, it was incumbent upon the plaintiff to prove a lease binding and operative upon the defendant. In this he has utterly failed. The liability sought to be charged upon the defendant under the alleged lease exceeds the sum of $500, and comes, therefore, within the provisions of the defendant's by-laws limiting its creation to an instrument in writing executed by the president and treasurer, and attested by the corporate seal; and plaintiff was chargeable with notice of these restrictive provisions upon the powers of defendant's officers. *Rathburn* v. *Snow,* (Com. Pleas, Gen. Term,) 3 N. Y. Supp. 925; *Westerfield* v. *Radde,* 7 Daly, 326.

An attempt was made by the plaintiff, upon the trial, to show a subsequent adoption or ratification of the president's act by the trustees, predicated upon the neglect of the trustees to repudiate the transaction when it was brought to their notice. But in this attempt the plaintiff was equally unsuccessful. The only trustees who appear to have had notice of the execution of the alleged lease by the president were the president himself and Mr. Hall, the treasurer. The trustees, however, as such, could not, pursuant to the provisions of the by-laws mentioned, have originally created any liability on behalf of the corporation exceeding $500 in amount; and it cannot be said that they can by implication do the acts prohibited in unequivocal terms. *Peterson* v. *Mayor, etc.,* 17 N. Y. 449; *Brady* v. *Mayor, etc.,* 20 N. Y. 312–319.

Again, when Mr. Hall was requested to sign the alleged lease as treasurer, he refused; and his testimony on this point is wholly uncontradicted. No ratification can, therefore, be based upon his knowledge of the facts. The judgment must be reversed, with costs, and a new trial ordered.