## KEELER v. FISCHER–HAUSER.

(City Court of New York, General Term.    April 27, 1899.)

CONTRACTS—ACTIONS FOR BREACH—PLEADINGS—EVIDENCE.

   Under a complaint on a contract, alleging performance of the work agreed to be done, and an answer denying such allegation, evidence of a waiver of the time of performance is inadmissible.

Appeal from trial term.

Action by John W. Keeler against Carl Fischer-Hauser.    From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.    Reversed.

Argued before McCARTHY and O'DWYER, JJ.

Ambrose G. Todd, for appellant.

Henry C. Botty, for respondent.

O'DWYER, J.    The complaint set up a written contract, and alleged that the plaintiff "only performed the work contracted to be done."    Not one word was said in the complaint about waiver or ratification of nonperformance.    The answer denied the allegation of due performance, and upon this issue the parties proceeded to trial.    On the trial it was not claimed that the work was performed within the time specified in the contract, but the plaintiff claimed the time provision was waived by the guarantor, this defendant.    When the plaintiff sought to introduce evidence of this waiver, the defendant duly objected, and evidence under his exception was introduced.    This was error.    The only issue raised by the pleadings was the performance of the written contract.    McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849; La Chicotte v. Electric Co., 15 App. Div. 384, 44 N. Y. Supp. 75; Schnaier v. Nathan, 31 App. Div. 227, 52 N. Y. Supp. 812.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

McCARTHY, J., concurs.

---

## A. D. FARMER & SON TYPE–FOUNDING CO. v. HUMBOLDT PUB. CO.

(City Court of New York, General Term.    April 27, 1899.)

1. ACCOMMODATION NOTES—CORPORATIONS—POWER TO INDORSE.

   A payee procuring an indorsement on the note by the cashier of a corporation, knowing it to be for the accommodation of the maker, has the burden of showing that the officer had authority to make such an indorsement, and that the corporation had power to indorse for accommodation.

2. SAME—EVIDENCE—ERROR.

   Where, in an action on a note, the answer put in issue the authority of the officer signing it to indorse the name of the corporation, it was error to exclude evidence showing want of authority.

Appeal from trial term.

Action by A. D. Farmer & Son Type-Founding Company against the Humboldt Publishing Company. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

Campbell & Hance (Eugene Lanier Sykes, of counsel), for appellant. William Stuart, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury. The action was brought by the A. D. Farmer & Son Type-Founding Company against the Humboldt Publishing Company as indorser before delivery of a note made by one Samuel Simpson. The answer denies that the name of the defendant, the Humboldt Publishing Company, was indorsed thereon before delivery of the same by the maker thereof, but states it was indorsed after delivery, by a person wholly unauthorized to indorse the same, and without the consent and direction of the defendant, the Humboldt Publishing Company. It therefore states that the unauthorized indorsement was made solely for the accommodation of the maker, which fact was known to the plaintiff; that the defendant received no consideration for such indorsement. The facts are substantially admitted, and are to the following effect: That on the 6th day of April, 1896, a representative of the plaintiff, who then had in his possession the note in suit, called on one O'Laughlin, who was the secretary and treasurer of the defendant company, when the following conversation took place:

"I told him I was from A. D. Farmer & Sons, and I asked him would he, as treasurer of the Humboldt Publishing Company, indorse the paper to a certain amount for Mr. Simpson, as Mr. Simpson was anxious to buy some type from us; and he said, 'Well, about what amount?' and I said, 'Well, I don't know; it may be six or seven hundred dollars' worth;' and he said, 'Oh, yes.' He said, 'Anything up to a thousand dollars.' He said, 'We have at present eighteen hundred dollars' worth of paper, and we are waiting only for Simpson to get to work to print for us, because it is dead material for us at present, and unless Simpson gets to work it is no good to us.' And I said, 'Then will you give me some note to that effect to my people?' and he said 'Certainly;' and thereupon indorsed the note."

This was clearly an indorsement for the accommodation of Simpson, and to enable him to purchase type from the plaintiff. Simpson was not even a party to procuring the indorsement. It was done by and through the plaintiff, who presented it to O'Laughlin, and therefore knew the character of the indorsement. No attempt was made to show that the defendant ever received any consideration for its indorsement from either the maker or the payee named in the note, or that the secretary or treasurer had any authority to indorse notes not immediately connected with the business of the corporation.

In National Park Bank v. German-American Mut. Warehouse & Security Co., 116 N. Y. 287, 22 N. E. 569, the court said:

"The powers of a corporation are those enumerated in the statutes under which they are incorporated, in the general statutes, in the articles of association, and like instruments, executed in pursuance of such statutes, and also such powers as flow from, or are incidental and necessary to, the exercise of the enumerated powers. Counsel have not directed our attention to, nor have we found in, any of the statutes referred to a provision empowering the defendant to bind itself by the making or indorsing for the accommodation

of the maker for a consideration paid. It is well settled that such a power is not incidental to the power conferred on corporations organized under the statutes authorizing the formation of corporations for banking, manufacturing, and like business corporations."

In Fox v. Home Co., 90 Hun, 365, 35 N. Y. Supp. 896, affirmed in 157 N. Y. 684, 51 N. E. 1090, the court said:

"So far as we know, no corporations organized under the statutes of this state are authorized to bind the property of their shareholders by accommodation indorsements, except guaranty and indemnity companies."

There is no evidence showing that the defendant's cashier was authorized to bind it by accommodation indorsements; and it having been shown to be such, which fact plaintiff knew before the taking of the note, the burden was upon him to show that the defendant had power to make such indorsement, and that its cashier had authority to make this or such indorsement. This burden the plaintiff did not assume, and the evidence is not of a character to authorize the court to presume that the defendant was authorized to make such accommodation indorsements, or that its cashier had power to make such indorsements. The answer puts in issue the authority of the secretary and treasurer to indorse the name of the corporation. On the trial the defendant sought to show want of authority as well as want of consideration. To this plaintiff objected, and the objection was sustained. This was error. Wahlig v. Manufacturing Co. (City Ct. N. Y.) 5 N. Y. Supp. 420.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.