W. LYMAN RATHBUN, Appellant, *v.* ALFRED D. SNOW, Respondent.

*It seems* that where a domestic corporation, engaged in carrying on business in a distant foreign land, has appointed an agent as general resident manager in that land, a third person dealing with such agent has a right to assume, in the absence of notice, that the agent's authority extends to all dealings necessary to carry on the business, such as procuring necessary supplies or ordinary implements for the work in which the company is engaged, and to the pledging of the credit of the corporation for the payment of debts contracted for those purposes.

Statement of case.

Persons so dealing with the agent may act upon his apparent authority, and are not bound by secret limitations or instructions qualifying it.

The mere appointment, however, of an agent by words *in præsenti*, but having reference to a business to be entered upon at some future day, does not confer upon an agent authority in the interim to bind the principal.

In an action against a director of a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), to enforce the liability imposed by said act (§ 12) because of a failure to file an annual report, the following facts appeared: Said company was organized for agricultural and mining purposes; part of the business to be carried on in the state of Panama. Its by-laws provided that no debts should be contracted by any officer or agent of the company, or obligation created imposing a liability upon it, unless expressly authorized by its board of trustees. In December, 1882, a resolution was passed by said board appointing K. "superintendent and resident manager of the company" at Panama. K., and others associated with him, had obtained from the government concessions for certain lands in Panama, conditioned, however, upon the performance of certain things, to be done on the lands before the grant became operative. This grant the associates had agreed to assign to the corporation in exchange for its entire capital stock; they to make the expenditures on the lands required to fulfill the conditions contained in the grant, at their own expense, before the company should be vested with the title or undertake the management of the property. It was understood between the company and K. that his agency was not to become active, and that the company was not to commence operations until the associates had performed the conditions of the grant, so as to secure the title to the lands. K., representing himself as agent of the company, contracted the debt which plaintiff sought to recover, for supplies furnished by the latter in the performance of the work required by said conditions. The stock of the corporation was issued to the associates before the contracting of the debt; the company, however, never acquired any title to the lands. The company had, at the time the said debt was contracted, no notice of, nor has it recognized or adopted, the dealings of K. in its name, and plaintiff had no knowledge of the resolution passed by the corporation appointing K. its agent, but relied on his declarations alone. *Held,* that plaintiff was not entitled to recover; that defendant was not estopped from questioning the authority of K. to contract debts as its agent.

(Argued October 7, 1890; decided October 21, 1890.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order make February 4, 1889, which affirmed a judg-

ment in favor of defendant entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene L. Bushe* for appellant. A natural person, under the facts shown in this case, would be liable. (1 Pars. on Cont. 41; Story on Agency, §§ 17, 20; Whart. on Agency, § 121; *U. Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Beebe* v. *Ins. Co.*, 25 Conn. 51; *Wild* v. *N. Y. & A. M. Co.*, 59 N. Y. 644; *Purvis* v. *Coleman*, 21 id. 111; *Seymour* v. *Matteson*, 42 How. Pr. 496.) There is no inflexible rule which requires third persons, at all times and under all circumstances, to learn the exact authority delegated to the agent, and the rules applicable to natural persons and to corporations are substantially the same. (Morawetz on Corp. §§ 575, 587; Angel & Ames on Corp. § 238; *Bank of Kentucky* v. *S. Bank*, 1 Pars. S. C. 251; 1 Add. on Cont. 148; *M. Bank* v. *S. Bank*, 10 Wall. 664; *Lee* v. *P. C. & M. Co.*, 56 How. Pr. 373; 75 N. Y. 601; *F. & M. Bank* v. *B. & D. Bank*, 16 id. 125; *E. S. Co.* v. *E. L. Co.*, 4 N. Y. S. R. 515; *Corning* v. *Walker*, 14 Wkly. Dig. 314; *Leslie* v. *K. Ins. Co.*, 63 N. Y. 27; *Dunn* v. *S. F. Ins. Co.*, 19 Wkly. Dig. 531; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 195; *Martin* v. *Webb*, 110 U. S. 7.) The by-laws of a corporation are not binding upon third persons dealing with its agent, unless they have notice of the by-laws. (Morawetz on Corp. § 593; *Lee* v. *P. C. & M. Co.*, 56 How. Pr. 373; *M. Bank* v. *S. Bank*, 10 Wall. 604; *Wild* v. *Bank of Passamoquoddy*, 3 Mason, 506; *S. L. Ins. Co.* v. *McCain*, 96 U. S. 84; *Byrne* v. *M. P. Co.*, 137 Mass. 313; *Banks* v. *Ernest*, 35 Kan. 687; *Fay* v. *Noble*, 12 Cush. 1; *M. Bank* v. *B. C. Co.*, 5 N. Y. Supp. 291; *Smith* v. *Smith*, 62 Ill. 493; *Bank* v. *Patterson*, 7 Cranch. 299; *Dunn* v. *Rector*, *etc.*, 14 Johns. 118; *M. Bank* v. *Smith*, 19 id. 115; *A. Ins. Co.* v. *Oakley*, 9 Paige, 496; *U. M. L. Ins. Co.* v. *White*, 106 Ill. 67; *Alexander* v. *Cauldwell*, 83 N. Y. 480; Morawetz on

Corp. § 577; *P., etc., R. R. Co.* v. *Quigley,* 21 How. [U. S.]
202; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 87;
*Ruggles* v. *A. C. Ins. Co.,* 114 id. 415; *Walsh* v. *H. F. Ins.
Co.,* 73 id. 5.) Kingman received from the trustees a delega-
tion of all the authority that can be implied in the terms
" superintendent and resident manager of the company." His
duties are not defined by the by-laws, and he is presumed to
be clothed with all the authority which, according to general
customs, is given to agents of that class. (Morawetz on Corp.
§ 593; *Cox* v. *A. B. Co.,* 56 Hun, 491.) The evidence of
Kingman and the other officers of the company, objected to on
the trial and excluded by the trial judge, is competent to estab-
lish Kingman's authority in the premises, and its exclusion
was error. (*Hoag* v. *Lamont,* 60 N. Y. 101; Abbott's Tr.
Ev. 43; *F. N. Bank* v. *Stewart,* 114 U. S. 224; *Livingston*
v. *Swanwick,* 2 Dall. 300.)

*Joseph M. Pray* for respondent. The statute under which
this action is brought is penal, and must be construed as such
upon any question arising in an action to enforce it. Under
penal acts the ordinary laws of principal and agent do not
apply. (*Schreiber* v. *Sharply,* 6 Fed. Rep. 175; *Sanborn* v.
*Lefferts,* 58 N. Y. 179; *Garrison* v. *Howe,* 17 id. 458; *Bon-
nell* v. *Griswold,* 80 id. 128; *Bruce* v. *Platt,* Id. 379–381.)
There was no existing debt of the corporation to the plaintiff
at any time. (*Alexander* v. *Cauldwell,* 83 N. Y. 480; *Risley*
v. *T. B. & C. R. Co.,* 1 Hun, 202–205; South. & Jones on
Mfg. Corp. § 22; Laws of 1848, chap. 40, § 7; *Kent* v. *Quick-
silver Co.,* 78 N. Y. 159; *Brick Church* v. *Mayor,* 5 Cow.
539–541; *Stuyvesant Case,* 7 id. 694; *Westerfield* v. *Radde,*
7 Daly, 326; 5 N. Y. 320; *Adriance* v. *Rome,* 51 Barb.
309; 4 Abb. Ct. App. Dec. 315–320; *Benninghkoff* v. *A. Ins.
Co.,* 93 N. Y. 495.) The corporation was not required to file
an annual report. (*Kirkland* v. *Kille,* 99 N. Y. 390; *Bruce*
v. *Platt,* 80 id. 379.) This court will not review any question
of fact arising upon conflicting evidence. (Code Civ. Pro.
§ 1337; *Rutherford* v. *Schakman,* 93 N. Y. 495.)

ANDREWS, J.   This case presents a somewhat novel question in the law of agency.   The action is to recover from the defendant the amount of an alleged debt against the Belen Agricultural and Mining Company, a corporation in this state organized under chapter 40 of the Laws of 1848, and the amendments thereto, for supplies furnished by the plaintiff at Colon in the United States of Columbia in the year 1883, on the order of one Kingman, for the use of a mining camp at Veraguas in the state of Panama.   The defendant, who is one of the trustees of the company, is sought to be made liable for the debt because of the failure of the company to file a report as required by the act.   The certificate of incorporation of the company was filed in May, 1882, and it sets forth that the company was formed for conducting and carrying on the business of agriculture and mining, the development of agricultural and mining lands, the purchase, sale and leasing of land, mining property and machinery, and the milling, reduction, shipment and sale of ores ; that some part of its business was to be carried on in Veraguas in the state of Panama and other places in said state, but that the principal place of business in which the operations of the company were to be carried on, is in the city of New York.

The company was not organized by the election of officers until November 20, 1882, and on the same day the board of trustees adopted by-laws which, among other things, provide that no debt should be contracted by any officer or agent of the company, nor any obligation created imposing any liability on the company, unless expressly authorized by a majority of the board of trustees at a meeting of the board.   On the 1st of December, 1882, at a meeting of the board of trustees a resolution was passed appointing " H. J. Kingman superintendent and resident manager of the company."   Kingman, who at this time was in New York city, left that city on the second of December for Panama, where he had resided for many years, and subsequently contracted the debt upon which this action is brought, upon the representation to the plaintiff that he was superintendent and manager of the company, and authorized to contract in its behalf.   When the supplies fur-

nished by the plaintiff were purchased, Kingman was engaged in erecting buildings and making explorations upon lands in Veraguas, for which he and two associates had obtained a conditional concession from the government of the United States of Columbia, the conditions relating to certain things to be done on the lands, and which were to be performed before the grant became operative. Kingman and his associates had agreed to assign this grant to the Belen Agriculture and Mining Company in exchange for its entire capital stock, and the stock prior to the contracting of the debt in question had been issued to the associates. But the company never acquired any title to the land included in the grant.

The facts, however, although obscurely stated, justify the inference that it was a part of the agreement between the company and the associates that the latter should make the expenditures on the land required to fulfil the conditions contained in the grant from the United States of Columbia, at their own expense, before the company should be vested with the title to, or undertake the management of the property. There is also evidence from which a judge or jury might find that it was understood between the company and Kingman that his agency as superintendent and resident manager was not to become active, and that the company were not to commence operations until after the associates had performed the conditions of the grant so as to secure the title to the land.

The work being done on the land when the supplies in question were furnished was required or was suitable to be performed in fulfilling the conditions of the concessions. The liability of the Belen Agricultural and Mining Company for the supplies furnished by the plaintiff depends on the existence of an agency express or implied in Kingman to bind the company therefor. There can be little doubt that if the operations, which Kingman was carrying on at Veraguas, were in the prosecution of the business actually undertaken by the company at that place, his appointment as " superintendent and resident manager," under the resolution of December 1, 1882, would carry with it, as a reasonable and usual incident

of such an agency, the power to purchase necessary supplies for the daily wants of the camp in the prosecution of the business, on the credit of the company. Third persons dealing with the agent of a mining or similar company, who has been constituted its general resident manager, and who is engaged in carrying on the business of the foreign principal in a distant land, would have a right to assume, in the absence of notice, that the manager's authority extends to all such usual dealings as were necessary to carry on the business from day to day, such as procuring the necessary supplies or ordinary implements for the work, and to pledge the credit of the principal for the payment of debts contracted for these purposes. The authority of such an agent to the extent indicated is supported by adjudged cases. (*Hawken* v. *Bourne*, 8 M. & W. 703 ; Leake on Cont. 534 ; *Scudder* v. *Anderson*, 54 Mich. 122.) It follows from the general principle, now well settled, to the effect that third persons may act upon the apparent authority conferred by the principal upon the agent, and are not bound by secret limitations or instructions qualifying the terms of the written or verbal appointment, that the defense based upon the limitation in the by-laws of the company, of which the plaintiff had no knowledge, cannot be sustained. By-laws of business corporations are as to third persons private regulations binding as between the corporation and its members or third persons having knowledge of them, but of no force as limitations *per se* as to third persons of an authority, which, except for the by-law, would be construed as within the apparent scope of the agency. (*Fay* v. *Noble*, 12 Cush. 1 ; *M. & F. Bank* v. *Smith*, 19 Johns. 115 ; *Smith* v. *Smith*, 62 Ill. 493 ; Morawetz on Corp. § 593.)

The difficulty which the plaintiff encounters in this case is, that, although Kingman was appointed superintendent and resident manager of the company by words *in præsenti*, nevertheless the agency, according to the intention of both the company and Kingman, was provisional, that is to say, it was not to commence until after the associates had performed the conditions annexed to the concession of the government of the United States of Columbia. The work being prosecuted by

Kingman when he ordered the goods was, as is claimed by the defendant, performed on his own account in fulfilment of his obligation to the company, and to satisfy the conditions of the grant. Kingman represented to the plaintiff when he purchased the goods that he was carrying on the mine as the agent and manager of the company, and if this had been true in fact and in law, the company would have been bound, as has been stated, by the contract of purchase. But the plaintiff relied on Kingman's declaration alone. He exhibited no written authority and none had been furnished him. Indeed it appears that early in 1882, he had dealings with the plaintiff, in which he claimed to be the company's agent, when in fact he had at that time no authority whatever. The company is not chargeable as having held out Kingman as its agent. It had passed the resolution of December 2, 1882. But the plaintiff had no knowledge of the fact. The company had at the time no notice of, nor has it recognized or adopted the dealings of Kingman in its name. There is no element of estoppel in the case. It is a question of actual authority in the particular transaction. It cannot, we think, be maintained that the bare appointment of an agent by words *in præsenti*, but having reference to a business to be entered upon at some future time, confers any authority on the agent in the interim to bind the principal, although the appointment does not state that the agency is not to become effective until a future time. If it should appear that a party dealing meanwhile with the agent has been actually misled to his prejudice by the exhibition by the agent of a power of attorney from the principal, denoting that the agency is present and immediate, a question would be presented not now before us.

We think there is no legal error in the judgment. There is evidence from which opposite conclusions of fact might have been reached from those herein indicated. But it cannot, we think, be said that the judgment is unsupported by evidence and it should, therefore, be affirmed.

All concur.

Judgment affirmed.