(9 Misc. Rep. 458.)

PARMELEE v. ASSOCIATED PHYSICIANS & SURGEONS.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

CORPORATIONS—CONTRACTS—APPARENT AUTHORITY.

The treasurer of a corporation has no apparent authority, by virtue of his office, to make a contract of employment on behalf of the corporation, and therefore it is not bound by such a contract made by the treasurer in disregard of a by-law.

Appeal from seventh district court.

Action by Samuel B. Parmelee against the Associated Physicians & Surgeons on a contract of employment made by plaintiff with the treasurer of defendant corporation. The principal defense was that defendant was not chargeable under the contract, in view of the fact that a by-law of the corporation prohibited the making of an agreement involving a liability to the extent of that in suit without the approval of the president. A judgment in favor of plaintiff was reversed on appeal. 28 N. Y. Supp. 1139. Afterwards a reargument was granted. Id. 1144. The case now comes up on the reargument. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Charles De Hart Brower, for appellant.

David B. Simpson, for respondent.

BISCHOFF, J. Further consideration of this case, upon reargument, but serves to strengthen our opinion that the judgment is not to be supported. An examination of the later decisions of the court of appeals, taken with those of earlier date, leads to the conclusion that the rule to be deduced, with regard to the effect of by-laws restrictive of the powers of an agent, as officer of a corporation, upon a contract entered into through such agent or officer, opposes a recovery upon his contract by the plaintiff herein. This rule may properly be stated to be that, if the officer assuming to act for the corporation in the making of a contract with a third person, is one whose office is attended with inherent general executive authority for the ordinary conduct and management of the corporate business, and the contract is one which is within the power of the corporation to make, and the making of which could, therefore, be delegated to an officer or agent, the officer so assuming to act is clothed with apparent authority, upon which such third person may rely, in the absence of notice of limitations upon the officer's authority which are imposed by the by-laws or the proceedings of the board of directors; but, if the officer, with a liability for whose act the corporation is sought to be charged, is one to whose office there is attached no inherent executive authority, then, and in that event, the third person dealing with the officer in an executive capacity is chargeable with notice of an apparent want of authority, and so deals with the latter at his peril. And in such a case, if the officer's authority to make the contract is disputed, it is incumbent upon such third person to establish the authority by proper evidence. If the by-laws which are relied upon as evidence

impose certain limitations or restrictions upon the exercise of the authority, such limitations or restrictions may not be disregarded, but must be held to determine the extent of the authority. Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379; Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372; Jemison v. Bank, 122 N. Y. 135, 25 N. E. 264; Wilson v. Railroad Co., 114 N. Y. 492, 21 N. E. 1015; First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278; Lee v. Mining Co., 56 How. Pr. 373, affirmed 75 N. Y. 601.

In Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372, it was held that where a contract, made in the name of a corporation by its president, is one which the corporation had power to authorize its president to make, a presumption that such officer was so authorized obtains; but in Jemison v. Bank, 122 N. Y. 135, 25 N. E. 264, the court say that a party dealing with an agent of a corporation is chargeable with knowledge of the extent of such agent's powers. In Wilson v. Railroad Co., 114 N. Y. 492, 21 N. E. 1015, it was held that the burden is upon the party claiming under a contract with a corporation, when made through an agent, to prove the authority of the person so assuming to act as agent; the party thus dealing with the corporation being chargeable with knowledge of the actual or apparent authority of its agents or officers. And to the same effect is the case of First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278. In Bank v. Kohner, 85 N. Y. 189, the court held that the president and cashier, general executive officers, of a bank, would be presumed to have authority to enter into contracts in the course of the usual business of the bank; and in Lee v. Mining Co., supra, the president of a corporation was held to be possessed of apparent general executive powers in furtherance of the business of the corporation. And so, in Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379, in dealing with a case involving the apparent powers of a general managing agent of a corporation, the court say that these apparent powers are not to be restricted, as to third persons, by secret limitations contained in the by-laws. But the treasurer of a corporation is an agent with special powers merely, and cannot bind such corporation by the performance of acts without the scope and ordinary course of the duties of his office. Boone, Corp. § 143. And so, also, of the secretary. Id. § 145.

Applying the rule before stated to the decisions of this court in Westerfield v. Radde, 7 Daly, 326, Rathbun v. Snow (Com. Pl. N. Y.) 3 N. Y. Supp. 925, and Bohm v. Brewery Co. (Com. Pl. N. Y.) 9 N. Y. Supp. 514, it is apparent that the rule stated in those cases,—namely, that persons contracting with a corporation through an officer thereof are affected by limitations imposed by the by-laws upon the latter's authority, and of which by-laws such person may have had no actual notice,—must be accepted with the qualification that it applies only to cases where the officer assuming to act for the corporation was not, by virtue of his incumbency of an executive office, clothed with apparent authority to act in the premises. Further, in the case of Bohm v. Brewery Co., supra, the contracting party had knowledge of the by-law requiring that such contracts as that in suit should be signed by the treasurer, as well as the pres-

ident; and it appears that a request to approve the contract was made of the former, in accordance with such knowledge, and refused. It follows from the views expressed that the contract for employment made with plaintiff by the treasurer of the defendant corporation, in disregard of the by-law restricting the execution of such a contract by that officer alone, was not binding upon the defendant, and that this action, as brought upon such contract, must fail. The judgment should, therefore, be reversed, and the complaint dismissed, with costs.