(11 Misc. Rep. 363.)

PARMELEE v. ASSOCIATED PHYSICIANS & SURGEONS.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

CORPORATIONS—CONTRACTS—AUTHORITY OF OFFICERS.
Where the treasurer of a foreign corporation doing business in New York has entire charge of its business, making contracts in its behalf without interference from the directors, who had not met since organization, limitations in the by-laws on the authority of the treasurer does not affect a person contracting with the corporation in ignorance of such by-laws.

On reargument.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

BOOKSTAVER, J. The plaintiff had judgment in the district court in an action brought upon a contract of employment as collector by the defendant corporation, and the defense was want of authority in the officer who assumed to make the contract on behalf of the company. This judgment was reversed on appeal, and this is the third reargument of the appeal. 28 N. Y. Supp. 1139, 1144; 30 N. Y. Supp. 250. And as the controversy on this reargument is as

to the facts, the law laid down on the reversal being conceded to be correct, we have carefully gone over all the evidence which was not fully called to the attention of the court on previous arguments, and from that scrutiny the following facts seem to have been established on the trial: The defendant is a foreign corporation, having an office in the city of New York for the transaction of its business, which is there managed by a secretary and treasurer, Mr. Thompson, who made the contract with the plaintiff. As secretary he was clothed by the by-laws with "the general supervision and direction of the business affairs of the company," and with "full power to make and execute contracts"; but the same by-laws enacted that "all contracts must be authorized by resolution, and entered in the minutes, and those involving a liability of $50 or more must be reduced to writing, and signed by the president and secretary, and be under the seal of the company." This contract was for one year, at a salary of $5,200, payable in weekly installments, of $75 for the first six months, and $125 for the last six months. It was in writing, under the seal of the company, and signed by the secretary, but was not signed by the president, nor authorized by resolution, nor entered in the minutes. It appears, however, that there had been no meeting of the directors of the company since its organization, and no book of minutes, and none of the contracts for employment made by the secretary during his conduct of the business as general supervisor and director had been authorized by resolution.

The limitation upon the secretary's "full power to make and execute contracts" was not disclosed to the plaintiff, who had no knowledge, indeed, of the secretary's power, except what was derived from his representations and his acts. His representation to the plaintiff was that he had authority to make the contract, and it appeared from the evidence outside of the by-laws that he was general manager of the company, and had entire charge of its business in New York. If we lay aside, therefore, the evidence of authority furnished by the by-laws and the limitations therein contained, we find the case presents ample evidence of general executive authority sufficient to bind the company. The president swears that Mr. Thompson was the manager of the company. According to Thompson's own testimony, he had charge of the management of the business, had entire control of the finances of the association, the president having charge of its "general policy"; that he had a controlling interest in the stock, and furnished the money to carry on the business; that the company or its directors were satisfied with whatever he did; that he hired all the clerks (about 150), made the contracts with them, and paid them; that he paid the attorney of the company, who was its vice president, $65 per week, and also paid a salary to the treasurer, and paid the other bills,—all without any resolution of the board of directors, which consisted of three members, and which, as stated before, had never met since the corporation was organized until it met in January, 1894, to repudiate this contract. The by-laws, as adopted by himself and the president and the other directors, seem to have been a purely formal matter, and of their contents he testified he was ignorant, not knowing of any limitation upon his

power to make the contract with the plaintiff, and such by-laws seem to have been entirely disregarded by him, with the concurrence of the president and directors. In fact, the management of the concern was left so entirely to him by the president that, with the concurrence of the latter, he acted as the general executive officer, and, as such, could bind the company by his contract.

As the plaintiff had no notice of any limitation upon the power thus exercised by the secretary, no such limitation can be set up against him. As was said in the opinion of this court:

"In dealing with a case involving the apparent powers of a general managing agent of a corporation, these apparent powers are not to be restricted as to third persons by secret limitations contained in the by-laws." Parmelee v. Associated Physicians & Surgeons, 30 N. Y. Supp. 250, citing Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379.

See, also, Moyer v. Terminal Co. (S. C.) 19 S. E. 651.

The defendant here was a foreign corporation, having an office in this state, where its business was carried on by its secretary as its general managing agent, and the contract with the plaintiff as made by him was within the scope of the business of the company, according to the authorities cited. In addition to the evidence of authority already referred to, it may be said that this contract was duly performed on the part of the company by the payment of the plaintiff's salary thereunder for 22 weeks, while it remained at the lesser weekly sum, and was repudiated just as the larger weekly payments were to commence. This acquiescence by the directors in a matter of which they were bound to take notice is additional support of the plaintiff's claim.

While it is the duty of courts to protect corporations from the unauthorized acts of its officers, yet, when the directors permit its officers to hold themselves out as clothed with full power to manage all its affairs for a long time, and thus lead innocent persons to contract with them in the belief that they had such powers, they cannot be heard to repudiate such contracts by invoking a by-law which they themselves allowed to fall into desuetude. The judgment should therefore be affirmed, with costs of the original argument and of one reargument to respondent. All concur.