# THE WASHINGTON TIMES COMPANY

*v.*

## WILDER.

CORPORATIONS; PROMISSORY NOTES; RATIFICATION OF
UNAUTHORIZED ACTS.

1. Formal proceedings by a corporation are not necessary to give an officer or agent authority to execute and deliver a promissory note in the name of the corporation.
2. The endorsement by the president and general manager of a corporation of promissory notes executed by an unauthorized person, in the name of the corporation and payable to its debtor, in settlement of a valid existing corporate indebtedness, is a sufficient ratification of the unauthorized act to bind the corporation, in a suit by the debtor on the notes.

No. 733.  Submitted October 22, 1897.  Decided January 4, 1898.

HEARING on an appeal by the defendant from a judgment under the 73d Rule, for want of a sufficient affidavit of defense, in an action on promissory notes.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Jackson H. Ralston* and *Mr. F. L. Siddons* for the appellant.

*Mr. Frank W. Hackett* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is another of many cases that have been brought into this court on appeal from judgments rendered under the Seventy-third Rule of the court below.  It is necessary to determine whether the affidavit filed on the part of the plaintiffs be sufficient, and if so, whether the affidavit of defence, filed with the defendant's pleas, be such as gratifies the requirement of the rule.

The action was brought on two promissory notes, each for $2,000, professing on their face to have been made by the defendant, The Washington Times Company, through and by their manager, S. M. Goldsmith. The notes were made at Washington, D. C., the place of business of the defendant, the one payable at six months and the other at eight months after date. They were each dated the 10th of September, 1896. These notes were made payable to the plaintiffs, Charles T. Wilder and Herbert A. Wilder, copartners trading as Wilder & Co., and were endorsed by C. G. Conn, who was at the time of making the notes, and had been for a considerable time previously, a stockholder in, and the president and general manager of the affairs of the company. The notes were given for an antecedent debt due from the defendant to the plaintiffs at the date of the notes.

The declaration counted upon the notes, and also contained the common money counts. And with the declaration was filed an affidavit made by one of the plaintiffs, stating fully the origin of the claim, for what the notes were given, and all the circumstances connected with them; the affidavit showing that the notes were given for paper sold to the defendant company some time prior to the making of the notes. The declaration and the notes are referred to and made part of the affidavit, and the notes were filed therewith, showing the exact amount claimed to be due. In the affidavit it is set forth that no part of the principal sum due, or of the interest accrued thereon, upon said notes, has been paid or satisfied in any manner whatever, but that the whole amount of both of said notes, principal and interest, is overdue and unpaid; that for such cause of action the plaintiffs have a just right to recover against the defendant, exclusive of all set-offs and just grounds of defence, the full amount, principal and interest, of the two notes.

The affidavit is full and sufficient under the rule, and we do not understand that to be denied.

The defendant pleaded, in several forms, that it was never indebted; that it never promised; that it never assumed, as alleged.

With these pleas was filed an affidavit made by Joseph K. Potter, the secretary of the defendant corporation; and in which affidavit the affiant states that he, as such secretary, has had the possession of all the books and papers of the corporation; that S. M. Goldsmith, whose name is signed to the notes, after that of the defendant company, as manager, never was the manager of the company and was never given authority by the corporotion to sign any notes to be executed on its behalf; and that if said notes were executed by him they were so executed without the prior authority of the stockholders or of the board of directors of the company, or by any other person or persons having the power to delegate or entrust such authority to him; that the execution and delivery of said notes by said Goldsmith, if they were so executed and delivered, has never been ratified by the corporation, or by its board of directors, or by any person having authority to so ratify the same; that at the time of the execution of said notes, and for the entire year previous thereto, and subsequent thereto, up to about December 12, 1896, the manager of the company was Charles G. Conn, and not S. M. Goldsmith.

We must suppose that the party making this affidavit intended it to be understood that he was simply speaking of the fact that the corporate books and papers in his possession, as secretary, did not show evidence of the appointment by the corporation or its officers, by any official act or resolution, of Goldsmith as manager, or that his act, in signing and delivering the notes, was ever ratified. He does not profess to have personal knowledge upon the subject, otherwise than as he obtained it, in a negative way, from an examination of the corporate books and papers. He does not state facts upon which he bases his assertions as to the absence of authority to sign and deliver the notes, or as to

the subsequent nonratification of the transaction, by the company or its agents. The affidavit has more of the characteristics of a special plea than of an affidavit required to disclose fully the grounds of a complete legal defence and the facts upon which it may be maintained. It is more remarkable for the facts that it withholds than for the facts it discloses. The sole and exclusive defence attempted to be set up to the right of recovery upon the notes is, that there was no authority vested in Goldsmith to sign and deliver the notes as the manager of the company, and that, therefore, the company is not liable on the notes.

There is no question of the power and authority of the defendant corporation to contract debts, and to make and deliver promissory notes for such debts; and the execution of such powers can generally only be effected by a manager, president, or some other officer or agent of the corporation. But it does not require any formal proceeding, such as the recording of votes, orders, or resolutions of the corporation, to clothe the party with authority, either under the designation of manager, or otherwise, to sign and deliver the notes of the corporation. That authority could have been delegated to an agent *pro hac vice*, whether he be called manager or something else, without written evidence of the fact; and as Mr. Conn was both president and general manager of the company, he could have authorized the execution and delivery of the notes for the precedent debt then due, as an act within the scope of his general powers. And that Conn did fully sanction and approve the making and delivery of the notes to the plaintiffs is made manifest by the fact that he himself endorsed the notes to give them additional security. Under the facts disclosed, we may reasonably assume that the notes were made and delivered to the plaintiffs by the direction and procurement of Conn, the president and general manager of the defendant.

12 Ct. App.—6

But apart from the question whether there was original authority vested in Goldsmith to sign and deliver the notes for and in the name of the defendant company, the latter is bound by clear acts of ratification, and which are just as effectual as if original authority had been given and executed.

It is to be observed that it is not at all denied in the affidavit of defense that the antecedent debt, for which the notes were given, was due and owing from the defendant to the plaintiffs, and that no part of that debt has been paid; nor is it denied that the notes were made and passed to the plaintiffs by the act and procurement of Conn, the president and general manager of the defendant company; nor is it pretended that the defendant has not taken the full benefit of the extension of time for payment, secured by the making and passing of the notes for the antecedent debt due.   There is, therefore, no justice, no equity, set up as a defense; but reliance is placed alone upon what is alleged to be a technical want of authority in a professed agent of the corporation to do an act for the benefit of the company, and which benefit it has accepted and enjoyed to the fullest extent.   The fact that the president and general manager of the company was a party to the transaction of making and passing the notes, is clear proof to charge the company with knowledge that its debt due to the plaintiffs had assumed the form of promissory notes, and that the time of payment of the debt had thereby been extended.

The case falls fully within the principle laid down by, Chief Justice Shaw in the case of *Melledge* v. *Boston Iron Co.*, 5 Cush. 158, where he said: "It seems to be settled, that trading corporations, whose dealings embrace all transactions from the largest to the minutest, and affect almost every individual in the community, are affected like private persons with obligations arising from implications of

law, and from equitable duties which imply obligations; with certain constructive notice, implied assent, tacit acquiescence, ratifications from acts and from silence, and from acting upon contracts made by those professing to be their agents; and by those legal and equitable considerations which affect the rights of natural persons." These principles, in various circumstances, have been applied and enforced in a great many well-considered cases.

It is a settled principle that no certain form of words is essential to a ratification of an act performed by an agent; in many cases mere acquiescence or a failure to repudiate the act has been held sufficient. 2 Kent's Com. 616. And a principal who neglects promptly to disavow an act of his agent, by which the latter has transcended his authority, makes the act his own; and the maxim which makes ratification equivalent to a precedent authority is as much predicable of ratification by a corporation as it is of ratification by any other principal, and it is equally to be presumed from the absence of dissent. *Kelsey* v. *National Bank*, 69 Pa. St. 426, 429; 2 Moraw. on Private Corp. (2d Ed.), Secs. 618, 627, 633; *Equitable Gas Light Co.* v. *Balt. Coal Tar Co.*, 65 Ala. 81; *Grant* v. *Treadwell Co.*, 37 N. Y. Supp. 392; *Phosphate of Lime Co.* v. *Green*, L. R. 7 C. P. 43, 61; and *Railway Co.* v. *Keokuk Bridge Co.*, 131 U. S. 371, 381–4, where many of the leading cases upon the subjects of ratification and adoption by corporations are reviewed.

The affidavit of defense is wholly insufficient under the rule. It does not fully and fairly meet the case as presented by the plaintiffs. Conceding the facts stated in the affidavit to be true, though not the legal conclusions attempted to be drawn from them, there is no sufficient defense stated in the affidavit. It does not gratify either the terms or the spirit of the rule.

We must affirm the judgment; and it is so ordered.
*Judgment affirmed.*