(35 Misc. Rep. 133.)

CONNELL et al. v. ERNST–MARX–NATHAN CO.

(City Court of New York, General Term. May, 1901.)

CORPORATIONS—AUTHORITY OF TREASURER.

 A treasurer of a corporation cannot bind it by a contract with another for work and labor, it being beyond the scope of his duties.

Appeal from trial term.

Action by William J. Connell and others against the Ernst-Marx-Nathan Company. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

The action was to recover for services rendered on an alleged employment by defendant treasurer.

Argued before HASCALL and O'DWYER, JJ.

Lewis S. Marx (David Gerber, of counsel), for appellant.

Edward J. Welch (David M. Neuberger, of counsel), for respondents.

PER CURIAM. The plaintiffs failed to prove any authority in Carl Ernst, the treasurer of the defendant company, to bind or obligate it by his contract; and, as there was a failure to establish the cause of action alleged, the court below should have dismissed the complaint. The case of Parmelee v. Surgeons, 9 Misc. Rep. 458, 30 N. Y. Supp. 250, is an authority directly in point. In that case the plaintiff sued upon a contract of employment, which he said he made with the treasurer of the defendant corporation, purporting to act for the company; and the court there held that where the contract is made in the name of a corporation, by its president, or by any one possessing apparent general executive power, and the contract is in furtherance of the business of the corporation, there is a presumption of authority, but the treasurer of a corporation is an agent with special powers merely, and cannot bind such corporation by

the performance of acts without the scope and ordinary course of the duties of his office. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.