### WANAMAKER et al. v. MEGRAW.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. PRINCIPAL AND AGENT—AGENT'S AUTHORITY—DATE OF COMMENCEMENT.

　　Where one was employed in May to take charge of a department of plaintiffs' business, as buyer and seller, and employer of help, on July 1st, he had authority, nothing appearing to indicate the contrary, to bind plaintiffs by the employment of help prior to July 1st, so as to have his department organized to begin business on that date.

Appeal from Trial Term.

Action by John Wanamaker and others against Robert H. Megraw. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Reversed.

See 62 N. Y. Supp. 692.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob F. Miller, for appellant.
Louis Frankel, for respondents.

PATTERSON, J. This action was brought to recover a sum of money which the plaintiffs claim they paid to or for the use of the defendant. There is no dispute as to the validity of that claim, but the defendant set up in his answer a counterclaim arising upon a contract alleged to have been made with one Sidney W. Rice, an agent or representative of the plaintiffs. It was a contract of employment for one year, and the defendant alleges that by its terms he was to be paid a salary of $5,000; "$4,000 to be drawn during said

year, and $1,000 at the end of said year, provided that the defend-
ant remain with the plaintiffs during the whole of said term and
faithfully perform his duties." This alleged contract was made in
June, 1889. Rice was an employé of the plaintiffs, and had, or was to
have, charge as manager of the dress-goods department of a store in
the city of Philadelphia, of which they were the proprietors. It ap-
pears in evidence that in May, 1889, one of the plaintiffs engaged
Rice to be a buyer and seller of merchandise, to employ help, and
look after the general conduct of the business of his department.
According to Rice's testimony, which seems to be confirmed, "the
arrangement was made to come on July 1st following." On the 14th
of June, 1889, Rice had a conversation with the defendant in Chicago,
and told him of the arrangement which he (Rice) had made to take
up the department as manager, and that he would like to employ the
defendant as an assistant; and he (Rice) agreed to get for the de-
fendant a drawing account of $4,000, and, if he stayed with and did his
business as he should do it, and did it well, he (Rice) would see to
it that the defendant got another $1,000 at the end of the year. It is
shown that between May and the 1st of July, 1889, Rice had no com-
munication with either of the plaintiffs, and that he did not see the
defendant again until they met in Philadelphia about July 1st. Rice
did not then inform either of the plaintiffs that any other contract
had been made with Megraw than to pay $4,000 a year. Nothing
was said about the additional $1,000 to be paid at the end of the
year; but Megraw entered upon the employment, remained for a
year, and drew from the plaintiffs a salary of $4,000. It is not dis-
puted that he remained all the year, and faithfully performed all his
duties. No other contract of employment of the defendant was ever
made than the one made with Rice. The defendant entered upon his
service to the plaintiffs under that agreement; and there is no doubt
that his services were satisfactory. At the conclusion of the trial
the court dismissed the counterclaim, and directed a verdict for the
amount claimed by the plaintiffs. In dismissing the counterclaim the
court held that the arrangement between Rice and the defendant was
made before the agency of Rice became effective, and that it further
appeared from the evidence that the arrangement referred to was
merely a tentative one; and for these reasons, among others not
stated, the motion to dismiss the counterclaim was granted.

The arrangement was an absolute one. It was to pay $4,000 ab-
solutely for the year's service, and, if the defendant remained dur-
ing the year, and performed his service faithfully, he was to receive
an additional $1,000. The only question in the case is as to the au-
thority of Rice in June, 1889, to make the contract for this addi-
tional $1,000. The defendant entered into the employment and
service of the plaintiffs on the 1st of July, and satisfactorily perform-
ed the duties required of him during the year; and that was done
under no other arrangement than that entered into between Rice and
the defendant in June. The court evidently held upon the evidence
presented that, although Rice made the contract for $5,000 with the
defendant, he had no authority to do so in June, 1889, because Rice's
own employment did not begin until July 1st, and that, if there were

a ratification of a contract by the subsequent acceptance of the de·· fendant's services by the plaintiffs, it would only extend to so much of the contract as was disclosed to the plaintiffs, namely, an agreement to pay the defendant the sum of $4,000 a year, without reference to the additional $1,000. It seems to us from the evidence that, although Rice's actual service to the plaintiffs was not to begin until July 1, 1889, yet he had authority to arrange for the conduct of the business of the department of which he was to take charge; and that authority was recognized by the acceptance of Megraw as one of the employés in that department. But the case does not depend upon ratification. Rice was employed as a manager of a department, and his duties in connection therewith were to begin on the 1st of July. He had the ostensible authority to arrange for that department so that it would become effective and business could be done in it on the 1st of July, nothing appearing in the evidence to the contrary. Rice testifies that he was authorized to hire help. He says that in a conversation with Mr. Thomas Wanamaker in the month of May, 1889, with respect to his taking charge of the department: "I told him that I would come there and do it under certain conditions. The conditions were that I should be buyer of merchandise and the seller of merchandise in those departments, have the employment of their help, and look after the general conduct of the business. I mentioned all these things at that time." In dismissing the counterclaim the learned court below apparently relied upon the case of Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379, 10 L. R. A. 355, in which it was held that the mere appointment of an agent by words in præsenti, but having reference to a business to be entered upon at some future day, does not confer upon such agent authority in the interim to bind the principal. That was a case in which the agency was not absolute, but, according to the intention of both of the parties to the contract, was provisional in the sense that it was not to commence until a certain time, and after certain things had been done. But here, according to the testimony of Rice, if it is to be believed, power to employ assistants was given him, and there is nothing shown, or from which it could be inferred, that that power was not to be exercised until after the 1st of July. It seems to us that in this case the authority given to Rice, according to his testimony, was to have the department organized so that the business could be carried on from the 1st of July, which was the very day upon which the defendant entered into the employment of the plaintiffs and was recognized as their employé under a contract which had been made with Rice, and under no other arrangement.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., concur in result.

VAN BRUNT, P. J. I concur in the result of Mr. Justice PATTERSON'S opinion. I do not think that Rice had any power to make any contract with Megraw prior to the 1st of July; but, he

having agreed with Megraw as to the terms of an employment to be-
gin on the 1st of July, and he (Megraw) having, as the result of
such agreement, gone into the employment on that date, and such
employment being accepted by Rice, and Megraw having continued
in such employment during the year, the necessary implication arises
that the terms of such employment on July 1st were those which
had been agreed upon between Rice and Megraw, although at the
time when the original agreement was entered into Rice had no
power to make the contract of employment. An enforceable con-
tract of employment was made on the 1st day of July, and it referred
back for its terms to the agreement previously made.