Finch, J.
The action was brought to recover one month’s rent claimed to be due under a lease between the parties. The defendant was a corporation and the lease signed “ Born, Inc. (L. S.) Samuel H. Born, Pres. (L. S.).” No corporate seal was attached. The defendant claimed that the lease did not constitute a corporate' obligation. In support of this defendant submitted a copy of the by-laws, which apparently provide that all contracts shall be executed by both the president and the secretary. It is conceded that the secretary had knowledge of the execution of the lease, and there was no contradiction of the fact that he was present at the time it was signed. Neither the president nor the secretary of the defendant testified, the defendant relying on the point of law that the lease did not constitute a corporate obligation. It further appears that the lease is for three years, rent payable monthly, and the rent for the first month was-paid by check other than the check of the corporation (a check of someone not acting in behalf of the corporation). The defendant never moved into nor occupied the premises.
It is clear that the lease was, in fact, executed outside of the authority conferred by the stockholders of the corporation upon the officers.
The rule is well established that a general officer of a corporation has power prima facie to do any act which the board of directors could ratify, and it is clear *597 that the board of directors of the defendant corporation in this case had power to ratify the lease. The fact, however, that the president of the corporation in this case had prima facie authority to sign the lease does not necessarily preclude the defendant from showing that under the by-laws he did not have actual authority. The corporation must act through its agents and officers and it has the power to provide in its by-laws the particular officers who should have power to bind it and the manner in which they shall' act. It is only where a corporation has given an agent apparent authority to act for it that it can be bound' by the act of the officer performed without actual authority, and consequently where a corporation has given an officer apparent authority, a party dealing with the agent on the strength of the apparent authority is not bound by any secret limitations imposed by the by-laws of the corporation. Since corporations transact their ordinary business through their general officers, the courts have held that the general officers of a trading corporation have apparent authority to do any act within the scope of the ordinary and usual business of the corporation, and no by-law of the corporation is binding upon a party who relies upon this apparent authority. Rathbun v. Snow, 123 N. Y. 349. In other words, the prima facie authority of a general officer of a corporation cannot be limited as to third persons in regard to acts which except for the by-law would be construed as within the apparent scope of agency, but in no case has any court held that a corporation cannot show that the prima facie authority of the officer did not in fact exist in regard to acts which, though within the corporate powers, are not part of its ordinary and usual business. Gause v. Commonwealth Trust Co., 124 App. Div. 438, 451. The sole question in this case, therefore, is, was the *598 execution of a written lease for three years by a manufacturing corporation within the ordinary and usual course of the corporate business? It seems to me that any person dealing with a corporation would realize that the execution of such a lease is an extraordinary act which is usually acted upon by the board of directors and not submitted to the sole direction of a general officer. A party dealing with a general officer under such circumstances may rely upon the prima facie authority of the officer, but he assumes the risk of the corporation proving that the officer acted without authority.
It follows that the judgment should be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.