**FIDELITY STORAGE CO. v. KINGSBURY.**

No. 6275.

United States Court of Appeals for the District of Columbia.

Argued Jan. 15, 1935.

Decided Feb. 25, 1935.

Redecided on Rehearing April 1, 1935.

For former opinion, see 64 App. D. C. 208, 76 F.(2d) 978.

C. H. Merillat, of Washington, D. C., for appellant.

James C. Wilkes and James E. Artis, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

The United States Vending Machine Corporation of Warrensburg, Mo., stored with the appellant company twenty packages, each containing a vending machine. The valuation placed upon the packages when they were stored was $50 each. The storage company gave a nonnegotiable warehouse receipt, which, among other things, provided: "All due must be paid before delivery or transfers of goods, and no transfer will be recognized unless entered on the books of the warehouse."

Later appellee Kingsbury notified the vice president and general manager of the storage company that the warehouse receipt had been assigned to him, and that he was the owner of the goods, with a request that the goods be held for him. The transfer of ownership was not, however, entered on the books of the company. Thereafter, the United States Vending Company paid the storage charges on the goods, and the goods were shipped to it by the storage company to Warrensburg, Mo. This suit was brought by appellee to recover the value of the goods. The case was tried to a jury and a verdict returned in the sum of $1,375. From the judgment this appeal was taken.

We find it unnecessary to review at length the evidence adduced in the case by the respective parties, since it is amply sufficient to sustain the verdict of the jury. Nor is it necessary to dwell upon the contention of counsel for appellant that appellee acquired no property interest in the goods, binding upon the appellant company, through the assignment of the nonnegotiable warehouse receipt. Title 27, section 66, of the D. C. Code 1929, provides, among other things: "If the receipt is nonnegotiable, such person also acquires the right to notify the warehouseman of the transfer to him of such receipt, and thereby to acquire the direct obligation of the warehouseman to hold possession of the goods for him according to the terms of the receipt."

It is insisted by counsel for appellant that according to the by-laws of the storage company, the vice president and general manager had no power to bind the company, hence any notice that he may have had of the transfer of the warehouse receipt is not effective against the company. We are not impressed with this contention, since it was the duty of the officer, when informed of the assignment of the receipt, to have it properly entered upon their books. This requirement was for the protection of the company, hence it cannot avoid liability for the neglect of one of its officers. Had the transfer been properly entered on the books, it would have been notice to everybody connected with the

company, and probably have avoided the shipment of the goods to the vending machine corporation. The mistake of the delivery of the goods and shipment is therefore the mistake of the storage company, and they cannot defend upon the nonnegotiable character of the warehouse receipt, or the failure of the appellee to have the assignment duly recorded upon the books of the company.

Appellee, as the assignee of the receipt, complied with the requirements of the statute by notifying the vice president and general manager of the storage company that he was the holder of the receipt and the owner of the goods. "The officers of a corporation are its agents, and if they act within their actual authority, or even within the apparent scope thereof, the corporation will be bound; the by-laws which ordinarily prescribe corporate methods are private regulations as to the outside world. Rathbun v. Snow, 123 N. Y. [343], 349, 25 N. E. 379, 10 L. R. A. 355." Bijur Motor Lighting Co. v. Eclipse Machine Co. (C. C. A.) 243 F. 600, 604.

The verdict of the jury was for an amount in excess of the value placed upon the goods by the owner when they were delivered to the storage company and the warehouse receipt taken. They were valued at $50 per package, or $1,000 for the total amount of the goods. There is no showing that the delivery and shipment of the goods to the vending company was a fraudulent act on the part of the storage company, or its officers, which would justify a change of the valuation placed upon the goods and accordingly the obligation assumed by the storage company. It is well settled that a bailee may limit his liability for goods deposited with him, except for gross negligence, willful act, or fraud. Interstate Compress Company v. Agnew (C. C. A.) 255 F. 508. Inasmuch as there was no conversion of the goods or act of negligence on the part of the storage company that would operate to change its limit of liability, we think it was error to sustain a verdict in excess of the valuation of $1,000 placed upon the goods.

In a situation such as here presented, the trial court "upon the hearing of a motion for a new trial, may, in the exercise of its judicial discretion, either absolutely deny the motion, or grant a new trial generally, or it may order that a new trial be had unless the plaintiff elects to remit a certain part of the verdict, and that, if he does so remit, judgment be entered for the rest. * * * But this court has no authority to pass upon any question of fact involved in the consideration of the motion for a new trial; and, in a case in which damages for a tort have been assessed by a jury at an entire sum, no court of law, upon a motion for a new trial for excessive damages and for insufficiency of the evidence to support the verdict, is authorized, according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury." Kennon v. Gilmer, 131 U. S. 22, 29, 9 S. Ct. 696, 699, 33 L. Ed. 110.

The granting of a remittitur is exclusively within the discretion of the trial court. Either a new trial may be granted or the rule of remittitur invoked. The latest expression on this subject is in the case of Dimick v. Schiedt, 293 U. S. 474, 486, 55 S. Ct. 296, 301, 79 L. Ed. 603, 95 A. L. R. 1150, where the trial court with the consent of the defendant had increased the amount found by the verdict of the jury. The court sustaining the rule as to the reduction of a verdict, but denying the power of the court to increase it, said: "Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict alone with the unlawful excess—in that sense that it has been found by the jury—and that the remittitur has the effect of merely lopping off an excrescence, but, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict."

Defendant in this case, having been prejudiced by the entry of an excessive judgment, was entitled to prosecute its appeal, and it availed itself of this right. It becomes our duty, therefore, to reverse the judgment, remanding the case to the court below with directions either to grant a new trial or order judgment for the amount of the verdict, conditional upon a remittitur

by the plaintiff of the amount in excess of $1,000, the valuation placed upon the goods.

The judgment is reversed, with costs.